# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *In re Shelby R.*, 2013 IL 114994

---

| | |
|---|---|
| Caption in Supreme Court: | *In re* SHELBY R., a Minor (The People of the State of Illinois, Appellant, v. Shelby R., Appellee). |
| Docket No. | 114994 |
| Filed | September 19, 2013 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where a minor was adjudicated delinquent for underage consumption of alcohol and subsequently violated the conditions of her probation, the Juvenile Court Act controlled and did not permit commitment to the Department of Juvenile Justice. |
| Decision Under Review | Appeal from the Appellate Court for the Fourth District; heard in that court on appeal from the Circuit Court of Champaign County, the Hon. Harry E. Clem, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield, and Julia Rietz, State's Attorney, of Urbana (Michael S. Scodro, Solicitor General, and Michael M. Glick and John R. Schleppenbach, Assistant Attorneys General, of Chicago, and Patrick Delfino, Robert J. Biderman and Anastacia R. Brooks, of the Office of the State's Attorneys Appellate Prosecutor, of Springfield, of counsel), for the People. |
| | |
| | Michael J. Pelletier, State Appellate Defender, Karen Munoz, Deputy Defender, and Jacqueline L. Bullard, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Springfield, for appellee. |
| | |
| Justices | JUSTICE THEIS delivered the judgment of the court, with opinion. |
| | Chief Justice Kilbride and Justices Freeman, Thomas, Garman, Karmeier, and Burke concurred in the judgment and opinion. |

## OPINION

¶ 1 The principal issue in this appeal is whether the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 *et seq.* (West 2010)) authorizes a trial court to commit a minor to the Department of Juvenile Justice (Department) when the minor, who was adjudicated delinquent for unlawful consumption of alcohol, violates the conditions of her probation. The appellate court held that the Act does not permit commitment to the Department and reversed the judgment of the trial court. 2012 IL App (4th) 110191.

¶ 2 For the reasons that follow, we affirm the judgment of the appellate court.

¶ 3 BACKGROUND

¶ 4 On December 30, 2009, in the Champaign County circuit court, the State filed a petition for adjudication of wardship with respect to respondent, Shelby R., then 14 years old. The petition alleged that on December 29, 2009, respondent committed the offenses of domestic battery (720 ILCS 5/12-3.2(a)(1), (2) (West 2010)), in that she punched a family member, and tore another family member's shirt; aggravated assault (720 ILCS 5/12-2(a)(1) (West 2010)), in that she waved a knife at her mother; and unlawful consumption of alcohol (235 ILCS 5/6-20(e) (West 2010)). Respondent was appointed counsel and entered a general denial to the charges. The trial court granted the State's motion to detain respondent pending further proceedings and ordered that respondent be detained at the Champaign County Youth Detention Center.

¶ 5 Trial on the State's petition was scheduled for February 1, 2010. On that date, the trial court was advised that respondent had been accepted into a residential substance abuse

treatment program at Gateway Foundation in Carbondale. The trial court continued the case for status, putting the trial "on hold" until respondent completed treatment.

¶ 6 In April 2010, respondent left Gateway without completing the program. As a consequence, the following month respondent was again confined to the Champaign County Youth Detention Center, where she remained until June 7, 2010. On that date, respondent pled guilty to unlawful consumption of alcohol, a Class A misdemeanor (235 ILCS 5/6-20(f) (West 2010)), in exchange for dismissal of the domestic battery and aggravated assault charges. The State provided a factual basis for the charge, advising the court that on December 29, 2009, respondent admitted to a police officer that she had consumed alcohol, and that a breath test revealed a blood-alcohol content of 0.142. The trial court accepted the plea, adjudicated respondent a delinquent minor, and made her a ward of the court. On respondent's motion, the trial court released respondent from detention to the custody of her mother, pending sentencing.

¶ 7 On July 7, 2010, the trial court sentenced respondent to 18 months' probation. Among the conditions of her probation was that respondent refrain from consuming any alcoholic beverages or using illicit drugs. Respondent was also required to submit to random drug testing.

¶ 8 On September 8, 2010, the State filed a petition to revoke respondent's probation. The State alleged that on August 18, 2010, respondent submitted a urine sample that tested positive for the presence of marijuana and cocaine metabolites. Respondent subsequently admitted the probation violation. The trial court advised respondent of the possible consequences of that admission, including commitment to the Department for up to one year. The trial court revoked respondent's probation and, at a new sentencing hearing, committed respondent to the Department for an indeterminate term of 364 days, with a credit of 55 days for time spent in pretrial detention. Respondent was thereafter conveyed to the Department's facility in Warrenville.

¶ 9 Respondent filed a motion to reconsider her sentence, arguing that the Act prohibits commitment to the Department for unlawful consumption of alcohol. The trial court disagreed, and denied respondent's motion. Respondent challenged her sentence on appeal, and the appellate court reversed. 2012 IL App (4th) 110191.

¶ 10 The appellate court first recognized that because respondent had completed her sentence, the issue of its validity was moot. *Id.* ¶ 16. The appellate court, however, agreed with respondent that review was appropriate under the public interest exception to the mootness doctrine. *Id.* ¶ 17. On the merits, the appellate court held that the Act does not permit a minor to be sentenced to incarceration in the Department for unlawful consumption of alcohol. *Id.* ¶ 57.

¶ 11 We allowed the State's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Feb. 26, 2010).

¶ 12                                          ANALYSIS

¶ 13 The State argues that we need not consider the propriety of respondent's sentence because the case is moot and, contrary to the appellate court's judgment, the public interest

exception to the mootness doctrine is inapplicable. Alternatively, the State argues that even if the public interest exception applies, the appellate court misconstrued the Act. According to the State, the trial court's order committing respondent to the Department was proper, pursuant to section 1-4.1 of the Act (705 ILCS 405/1-4.1 (West 2010)), because respondent violated a valid court order when she violated the terms of her probation. On these issues of law our review proceeds *de novo*. *Wright Development Group, LLC v. Walsh*, 238 Ill. 2d 620, 632-33 (2010); *In re C.C.*, 2011 IL 111795, ¶ 29.

¶ 14                                                          Mootness

¶ 15        An appeal is moot if no controversy exists or if events have occurred which foreclose the reviewing court from granting effectual relief to the complaining party. *In re Marriage of Peters-Farrell*, 216 Ill. 2d 287, 291 (2005). Where, as here, the appeal involves the validity of a sentence, such appeal is rendered moot if the sentence has been served. *People v. Roberson*, 212 Ill. 2d 430, 435 (2004); *People v. Lynn*, 102 Ill. 2d 267, 272 (1984). Respondent acknowledged, in the appellate court, that she served her sentence. Thus, her appellate court appeal was moot. Although the general rule is that Illinois courts will not decide moot questions (*Wright Development Group*, 238 Ill. 2d at 632), this court has recognized exceptions to that rule. See *In re Alfred H.H.*, 233 Ill. 2d 345, 355, 358, 361 (2009) (discussing the public interest exception, the "capable of repetition yet avoiding review" exception, and the collateral consequences exception to the mootness doctrine).

¶ 16        In the instant case, the appellate court held that the validity of respondent's sentence, although moot, was reviewable under the public interest exception to the mootness doctrine. 2012 IL App (4th) 110191, ¶ 17. This exception permits review of an otherwise moot question where the "magnitude or immediacy of the interests involved warrant[s] action by the court." (Internal quotation marks omitted.) *Felzak v. Hruby*, 226 Ill. 2d 382, 392 (2007) (quoting *Dixon v. Chicago & North Western Transportation Co.*, 151 Ill. 2d 108, 117 (1992)). Application of this exception, which is narrowly construed, requires a clear showing of each of the following criteria: (1) the question presented is of a public nature; (2) an authoritative determination of the question is desirable for the future guidance of public officers; and (3) the question is likely to recur. *Wisnasky-Bettorf v. Pierce*, 2012 IL 111253, ¶ 12; *Felzak*, 226 Ill. 2d at 393.

¶ 17        The State does not dispute that the appellate court correctly found that the first and third criteria are satisfied here. The State argues only that the second criterion—the desirability of an authoritative determination—is not satisfied. The State contends that the second criterion requires a disarray in the law or conflicting precedent on the question before the court, or some other circumstance, that would make an authoritative determination not merely useful to public officers, but "especially useful" to them. The State continues that the appellate court here was faced with a complete absence of precedent as to whether a juvenile may be committed to the Department for underage drinking and the law was thus not in disarray, and that no other circumstance exists which would require an authoritative determination on that question. The State argues that under these circumstances the appellate court erred in applying the public interest exception and its opinion, therefore, must be

-4-

vacated. We disagree.

¶ 18    Since our formal adoption of the public interest exception in *People ex rel. Wallace v. Labrenz*, 411 Ill. 618, 622 (1952), this court has reviewed a variety of otherwise moot issues under this exception. See, *e.g.*, *In re E.G.*, 133 Ill. 2d 98 (1989) (whether a minor has the right to refuse medical treatment); *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391 (1994) (whether a political party may fill a vacancy in nomination for judicial office by party resolution); *Roberson*, 212 Ill. 2d 430 (whether a defendant is entitled to a credit on a violation-of-bail-bond sentence for time spent in custody awaiting trial on the underlying charge that was dismissed); *In re Christopher K.*, 217 Ill. 2d 348 (2005) (whether the law-of-the-case doctrine bars consideration of an extended juvenile jurisdiction motion after the denial of a discretionary transfer motion is affirmed on appeal); *Wirtz v. Quinn*, 2011 IL 111903 (whether an appropriations bill impermissibly contained substantive law).

¶ 19    When considering whether the second criterion for application of the public interest exception has been satisfied, this court has emphasized the importance of examining the state of the law as it relates to the moot question. *In re Commitment of Hernandez*, 239 Ill. 2d 195, 202 (2010); *Christopher K.*, 217 Ill. 2d at 360. Generally, we have "declined to apply the public interest exception when there are no conflicting precedents requiring an authoritative resolution." *Peters-Farrell*, 216 Ill. 2d at 292. Accord *In re J.T.*, 221 Ill. 2d 338, 351 (2006) (finding no need for an authoritative determination of moot issue where appellate court cases on that issue were uniform). Conversely, we have frequently cited the confused state of the law when deciding that an authoritative resolution of an otherwise moot question is desirable. See, *e.g.*, *In re Andrew B.*, 237 Ill. 2d 340, 347 (2010) ("second element [of public interest exception] is satisfied because our appellate court is divided on the issue"); *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27, 33 (2001) ("our case law *** is in conflict" and the governing principles are "in the state of some muddle" (internal quotation marks omitted)); *In re D.L.*, 191 Ill. 2d 1, 8 (2000) ("the relevant appellate court precedents are in conflict").

¶ 20    Notwithstanding the significance of a conflict in the case law when determining whether a moot question should be decided under the public interest exception, the absence of a conflict does not necessarily bar our review. Case law demonstrates that even issues of first impression may be appropriate for review under this exception. In *Labrenz*, for example, we considered an issue of first impression involving the trial court's authority to appoint a guardian on behalf of an infant whose parents, for religious reasons, would not consent to certain medical treatment. Applying the public interest exception, we noted that in situations where a child's life is endangered, "public authorities must act promptly if their action is to be effective, and although the precise limits of authorized conduct cannot be fixed in advance, no greater uncertainty should exist than the nature of the problems makes inevitable." *Labrenz*, 411 Ill. at 623.

¶ 21    We have also considered various issues of first impression arising under our election law, including issues regarding eligibility to run for public office. See, *e.g.*, *Wisnasky-Bettorf*, 2012 IL 111253; *Goodman v. Ward*, 241 Ill. 2d 398 (2011); *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200 (2008). We reasoned that consideration of such issues, though moot, would unquestionably aid election officials and lower courts

in deciding election disputes promptly, avoiding uncertainty in the electoral process. *Goodman*, 241 Ill. 2d at 405. We applied the same rationale in *Sandholm v. Kuecker*, 2012 IL 111443, to an issue of first impression regarding attorney fees under the Citizen Participation Act (735 ILCS 110/25 (West 2008)). Although the attorney fee issue was rendered moot by our decision on the main issue, we determined that consideration under the public interest exception was warranted because, *inter alia*, a "definitive decision by this court will provide guidance to the lower courts in deciding which attorney fees are appropriate under the Act." *Sandholm*, 2012 IL 111443, ¶ 63 (citing *Goodman*, 241 Ill. 2d at 404-05).

¶ 22    Here, the appellate court was also confronted with an issue of first impression—whether a juvenile may be committed to the Department for underage drinking. The need for an authoritative determination of this issue, which involves the liberty interests of minors, is at least as great as the need relative to the attorney fee issue in *Sandholm*, the candidate eligibility issue in *Goodman*, and the medical care issue in *Labrenz*. Providing a definitive decision as to the statutory limits of a judge's sentencing authority for underage drinking, a common occurrence, will provide guidance not only to juvenile court judges and prosecutors, but also defense attorneys who must advise their young clients in a competent and accurate manner. No greater uncertainty should exist in a delinquent minor proceeding than the circumstances of an individual case may dictate.

¶ 23    We conclude that the appellate court did not err when it applied the public interest exception to the mootness doctrine and reviewed the sentencing issue on the merits. For the same reasons that review by the appellate court was appropriate, review by this court is also appropriate. Thus, we turn to the substantive issue before us.

¶ 24                   Unlawful Consumption of Alcohol and Commitment to the
                            Department of Juvenile Justice

¶ 25    The Liquor Control Act of 1934 forbids the consumption of alcohol by any person under the age of 21. 235 ILCS 5/6-20(e) (West 2010). A violation constitutes a Class A misdemeanor. 235 ILCS 5/6-20(f) (West 2010). Respondent admitted to a violation of this act and was adjudicated a delinquent minor.

¶ 26    In criminal proceedings, sentencing is governed by the Unified Code of Corrections, under which a Class A misdemeanor is punishable by imprisonment for a term of less than one year. 730 ILCS 5/5-4.5-55(a) (West 2010). In delinquent minor proceedings, however, sentencing is governed by the provisions of section 5-710 of the Juvenile Court Act (705 ILCS 405/5-710 (West 2010)).

¶ 27    The trial court originally sentenced respondent to probation, one of the sentencing orders expressly authorized under section 5-710. 705 ILCS 405/5-710(1)(a)(i) (West 2010). Shortly thereafter, the State filed a petition to revoke respondent's probation. Pursuant to section 5-720 of the Act:

> "If the court finds that the minor has violated a condition at any time prior to the expiration or termination of the period of probation ***, it may continue him or her on the existing sentence, with or without modifying or enlarging the conditions, or

may revoke probation \*\*\* and *impose any other sentence that was available under Section 5-710 at the time of the initial sentence.*" (Emphasis added.) 705 ILCS 405/5-720(4) (West 2010).

The trial court revoked respondent's probation and sentenced her to an indeterminate term of 364 days in the Department of Juvenile Justice with credit for time spent in pretrial detention.

¶ 28 Although commitment to the Department is an authorized sentence under section 5-710, its availability is limited. Section 5-710(1)(b) states:

"A minor found to be guilty may be committed to the Department of Juvenile Justice \*\*\*, provided that the commitment \*\*\* shall be made only if a term of incarceration is permitted by law for adults found guilty of the offense for which the minor was adjudicated delinquent." 705 ILCS 405/5-710(1)(b) (West 2010).

Additionally, section 5-710(7) states:

"In no event shall a guilty minor be committed to the Department of Juvenile Justice for a period of time in excess of that period for which an adult could be committed for the same act." 705 ILCS 405/5-710(7) (West 2010).

The Act defines the term "adult" as "a person 21 years of age or older." 705 ILCS 405/1-3(2) (West 2010). See also 705 ILCS 405/1-3(10), 5-105(10) (West 2010) (" 'Minor' means a person under the age of 21 years subject to this Act.").

¶ 29 The appellate court reasoned that because an "adult," as defined in the Act, could not be found guilty of the "offense" for which respondent was adjudicated delinquent, and could not be incarcerated for the "same act" that respondent committed, incarceration was not available under section 5-710 at the time of the initial sentence and, thus, was not an option when the trial court revoked respondent's probation. 2012 IL App (4th) 110191, ¶¶ 51-52. The appellate court rejected the State's argument that the "incarceration of minors" provision set forth in section 1-4.1 of the Act (705 ILCS 405/1-4.1 (West 2010)) authorized the incarceration of respondent. 2012 IL App (4th) 110191, ¶¶ 40-47.

¶ 30 Section 1-4.1 states:

"*Except for minors accused of violation of an order of the court*, any minor accused of any act under federal or State law, or a municipal ordinance that would not be illegal if committed by an adult, cannot be placed in a jail, municipal lockup, detention center or secure correctional facility. Confinement in a county jail of a minor accused of a violation of an order of the court, or of a minor for whom there is reasonable cause to believe that the minor is a person described in section (3) of Section 5-105 [a delinquent minor], shall be in accordance with the restrictions set forth in Section 5-410 and 5-501 of this Act." (Emphasis added.) 705 ILCS 405/1-4.1 (West 2010).

¶ 31 The State argues that the appellate court misconstrued the Act. Focusing on the exception set forth in the first sentence of section 1-4.1, the State argues that the trial court was authorized to sentence respondent to incarceration because she violated an order of the court by violating the terms of her probation. Respondent counters that any authority under the Act

to incarcerate minors accused of violating a court order applies only prior to an adjudicatory proceeding and, therefore, is inapplicable here.

¶ 32    As in all cases of statutory construction, our primary objective is to give effect to the intent of the legislature. The most reliable indicator of such intent is the language of the Act, which must be given its plain and ordinary meaning. *In re D.F.*, 208 Ill. 2d 223, 229 (2003). When the statutory language is clear and unambiguous, we will give it effect without resort to extrinsic aids for construction. *In re C.C.*, 2011 IL 111795, ¶ 30. Our analysis of the Act is also guided by the fundamental principle that statutes must be read as a whole and not as isolated provisions. *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 504 (2000). Further, we will presume that the legislature did not intend an absurdity, inconvenience, or injustice. *Sandholm*, 2012 IL 111443, ¶ 41. Finally, we must heed the legislature's directive that the Act be "liberally construed" to carry out the purpose and policy expressly set forth therein. 705 ILCS 405/1-2(4) (West 2010).

¶ 33    The State argues that section 1-4.1 is a broad sentencing provision, permitting incarceration when a minor is in "violation of an order of the court" (705 ILCS 405/1-4.1 (West 2010)). The State posits that respondent, having violated a condition of her probation, was in violation of an order of the court and, thus, was properly sentenced to a term in the Department of Juvenile Justice. The State's argument, however, overlooks that the trial court did not sentence respondent to incarceration because she was in violation of an order of the court. The trial court revoked respondent's probation, and then sentenced her to incarceration on the sole offense for which she was adjudicated delinquent: unlawful consumption of alcohol.

¶ 34    Section 5-720 of the Act governs the process for revoking a delinquent minor's sentence of probation. 705 ILCS 405/5-720 (West 2010). This section sets forth the notice requirements (705 ILCS 405/5-720(1) (West 2010)), the manner in which a probation revocation hearing must be conducted (705 ILCS 405/5-720(2), (3) (West 2010)), and how the court must proceed "[i]f the court finds that the minor has violated a condition" of probation (705 ILCS 405/5-720(4), (5) (West 2010)). Respondent here admitted the violation alleged in the State's revocation petition, and the trial court revoked respondent's probation as it was permitted to do under section 5-720. See 705 ILCS 405/5-720(4) (West 2010). At that point, the court's only option was to "impose any other sentence that was available under Section 5-710 *at the time of the initial sentence*." (Emphasis added.) *Id.* At the time of the initial sentence, the only offense for which respondent could be sentenced was underage drinking. Thus, assuming, as the State argues, that section 1-4.1 permits a minor to be sentenced to incarceration for violation of an order of the court, this provision is inapplicable where, as here, the minor is sentenced for an entirely different offense.

¶ 35    The State, in effect, would have us read section 1-4.1 as creating a new sentencing scheme that overrides the probation revocation provisions set forth in section 5-720 and the sentencing provisions of section 5-710. The plain language of section 1-4.1, however, does not support this view of legislative intent.

¶ 36    We observe first that section 1-4.1 does not refer to probation revocation proceedings specifically, or to posttrial delinquent minor proceedings generally. Nor does section 1-4.1

contain any reference to the kinds of sentencing orders a court may enter when a minor is found guilty in a delinquent minor proceeding or guilty of violating a condition of probation. The complete absence of language even hinting that the legislature intended to modify the sentencing scheme for delinquent minors strongly militates against construing section 1-4.1 in that fashion.

¶ 37 We also observe that the incarceration exception, by its plain terms, applies only to minors "accused" of violating a court order. This word choice indicates that the legislature intended section 1-4.1 to apply to minors who have not yet been found guilty of violating a court order. Thus, section 1-4.1 is not a sentencing provision, as it applies to those "accused," not those "found guilty."

¶ 38 The State disagrees that the term "accused" limits the application of section 1-4.1 in this fashion. The State explains that Illinois statutes, such as the Uniform Criminal Extradition Act (725 ILCS 225/3 (West 2010)), the Rights of Crime Victims and Witnesses Act (725 ILCS 120/4 (West 2010)), and the Military Code of Illinois (20 ILCS 1805/71 (West 2010)), are replete with instances where the word "accused" includes both persons charged with a crime and those persons convicted of a crime. Based on these other statutes, the State maintains that the word "accused," as used in the first sentence of section 1-4.1, identifies the person to whom the incarceration exception applies, and not the procedural stage at which the exception applies. Thus, according to the State, the incarceration exception applies to minors found guilty of violating a court order.

¶ 39 Although this court may, when discerning legislative intent, consider similar and related enactments (*People ex rel. Illinois Department of Corrections v. Hawkins*, 2011 IL 110792, ¶ 24), we find no similarity and no real relationship between the Juvenile Court Act, on the one hand, and the Uniform Criminal Extradition Act, the Rights of Crime Victims and Witnesses Act, or the Military Code on the other hand. Thus, the term "accused," as used in these statutes, does not inform our interpretation of that term as used in the Juvenile Court Act. Rather, our interpretation is informed by the manner in which "accused" is used in different sections of the Juvenile Court Act. Under our rules of statutory construction, "[w]here a word is used in different sections of the same statute, the presumption is that the word is used with the same meaning throughout the statute, unless a contrary legislative intent is clearly expressed." *People v. Maggette*, 195 Ill. 2d 336, 349 (2001).

¶ 40 The term "accused" appears not only in the first sentence of section 1-4.1, on which the State relies, it also appears in the second (final) sentence of section 1-4.1:

> "Confinement in a county jail of a *minor accused of a violation of an order of the court*, or of a minor for whom there is reasonable cause to believe that the minor is a person described in section (3) of Section 5-105 [a delinquent minor], shall be in accordance with the restrictions set forth in Sections 5-410 and 5-501 of this Act." (Emphasis added.) 705 ILCS 405/1-4.1 (West 2010).

Sections 5-410 and 5-501 contain restrictions on the time and manner in which a minor may be held following arrest and pending an adjudicatory hearing. 705 ILCS 405/5-410, 5-501 (West 2010); *In re Randall M.*, 231 Ill. 2d 122, 129-33 (2008). The incorporation of these preadjudication provisions demonstrates that the term "accused," as used in the second

sentence of section 1-4.1, identifies a minor who has not yet been adjudicated guilty of violating a court order. Indeed, the State agrees that the second sentence of section 1-4.1 applies prior to an adjudication of guilt. The State, however, offers no cogent reason for construing the same language in the preceding sentence to mean something different. Furthermore, the only other sections of the Act in which the term "accused" appears do not suggest a different meaning. See 705 ILCS 405/5-401(3), 5-401.5(e) (West 2010). We, therefore, reject the State's argument that the incarceration exception constitutes a broad sentencing provision applicable to minors found guilty of violating a court order.

¶ 41    Our construction of section 1-4.1 does not render the identical language in section 5-401(3) of the Act superfluous. Section 5-401(3) states:

> "Except for minors accused of violation of an order of the court, any minor accused of any act under federal or State law, or a municipal or county ordinance that would not be illegal if committed by an adult, cannot be placed in a jail, municipal lockup, detention center, or secure correctional facility. Juveniles accused with underage consumption and underage possession of alcohol cannot be placed in a jail, municipal lockup, detention center, or correctional facility." 705 ILCS 405/5-401(3) (West 2010).

¶ 42    Section 5-401(3) is located within part 4 of the delinquent minors article of the Act (article V), which addresses the arrest and taking into custody of minors. See 705 ILCS 405/5-401 through 5-415 (West 2010).

¶ 43    Its applicability is necessarily limited by its location within the delinquent minors article. The applicability of section 1-4.1, however, is not similarly limited. Section 1-4.1, located within the general provisions of article I, potentially applies not only to preadjudication delinquent minors, but to other minors that come within the auspices of the Act, who have been accused of violating a court order. See 705 ILCS 5/3-1 to 3-40 (West 2010) (article III) (addressing minors in need of authoritative intervention); 705 ILCS 5/4-1 to 4-29 (West 2010) (article IV) (addressing addicted minors). We view the legislature's decision to repeat, in section 5-401(3), the same language appearing in the first sentence of section 1-4.1 as simply the legislature's attempt to clarify the incarceration exception's general applicability, notwithstanding the specific exclusion for "[j]uveniles accused with underage consumption and underage possession of alcohol." 705 ILCS 405/5-401(3) (West 2010). We note that at the same time the legislature adopted the first sentence of section 1-4.1, and added the same language to section 5-401, it also amended article IV of the Act, which addresses addicted minors, to clarify that "[m]inors taken into temporary custody under this Section are subject to the provisions of Section 1-4.1." Pub. Act 86-1154 (eff. Jan. 1, 1993) (codified at 705 ILCS 405/4-4(4) (West 2010)).

¶ 44    In short, construing section 1-4.1 as applying only to minors who have not yet been found guilty of violating a court order does not render this provision superfluous when considered in light of section 5-401(3). Moreover, the limited overlap between these two sections of the Act does not manifest an intent by the General Assembly that section 1-4.1 override the sentencing provisions in section 5-710 or the probation revocation provisions in section 5-720.

¶ 45　　We further reject the State's argument that the first sentence of section 1-4.1 effectively takes its meaning from section 5633(a)(11)(A)(ii) of the federal Juvenile Justice and Delinquency Prevention Act (42 U.S.C. § 5633(a)(11)(A)(ii) (2006)). This section of the federal act sets forth one of four core requirements with which a state must comply in order to qualify for federal grant monies to support that state's juvenile justice and delinquency prevention efforts. See 42 U.S.C. § 5633(c) (2006) (identifying the four requirements). Section 5633(a)(11) provides in relevant part:

> "[J]uveniles who are charged with or who have committed an offense that would not be criminal if committed by an adult[ ] ***
>
> shall not be placed in secure detention facilities or secure correctional facilities[.]" 42 U.S.C. § 5633(a)(11)(A) (2006).[1]

The federal act also contains an exception to this requirement for "juveniles who are charged with or who have committed a violation of a valid court order." 42 U.S.C. § 5633(a)(11)(A)(ii) (2006).

¶ 46　　The State maintains that Congress adopted the "valid court order exception" in 1980 in response to criticism that the federal act, enacted six years earlier, limited a court's ability to deal with chronic status offenders, such as chronic truants, runaways, and curfew violators. See D'lorah L. Hughes, *An Overview of the Juvenile Justice and Delinquency Prevention Act and the Valid Court Order Exception*, 2011 Ark. L. Notes 29, 32. Noting a similarity between the language of section 5633 of the federal act and section 1-4.1 of the Illinois statute, the State argues that the trial court's commitment of respondent was consistent with this valid court order exception. According to the State, respondent committed a flagrant breach of the terms of her probation, which was exactly the situation the valid court order exception was intended to address.

¶ 47　　The issue before us is not whether the trial court's sentence of incarceration is consistent with the purpose purportedly underlying Congress' adoption of the valid court order exception. The issue is whether the trial court's sentence of incarceration is consistent with the language of the Illinois statute. To the extent the federal statute is relevant to that issue, we note that although the language in section 1-4.1 is similar to section 5633 of the federal statute, it is not identical. The federal statute carves out an exception to the rule prohibiting the institutionalization of status offenders for juveniles "charged with" a violation of a valid court order, as well as juveniles "who have committed" a violation of a valid court order. 42 U.S.C. § 5633(a)(11)(A)(ii) (2006). Section 1-4.1, however, only refers to minors "accused" of being in violation of a valid court order. 705 ILCS 405/1-4.1 (West 2010). "Accused" is akin to "charged with." It is not akin to one "who has committed" a violation of a court order. Thus, section 1-4.1 carves out a more narrow exception to the rule prohibiting the institutionalization of status offenders. Although the State would ignore this distinction between the federal statute and the Illinois statute, we must apply section 1-4.1 as written.

---

[1]This requirement has become known as the "deinstitutionalization of status offenders." Robert W. Sweet, Jr., *Deinstitutionalization of Status Offenders: In Perspective*, 18 Pepp. L. Rev. 389, 405 (1991).

See *Hines v. Department of Public Aid*, 221 Ill. 2d 222, 230 (2006) (court may not annex new provisions or substitute different ones in the guise of statutory construction).

¶ 48 The State contends that reading the Illinois statute so that a minor could be incarcerated upon the mere accusation of violating a court order but could not be incarcerated upon being found guilty of violating a court order produces an absurdity, a result to be avoided. See *People v. Hanna*, 207 Ill. 2d 486, 499 (2003). We disagree that reading the statute according to the its plain terms produces an absurdity. The concerns that animate the Act's provisions relating to the potential detention of minors upon being taken into custody and prior to an adjudicatory proceeding are not necessarily the same concerns that animate the Act's sentencing provisions. The legislature could have reasonably concluded that enlarging the circumstances under which a minor could be sentenced to incarceration is antithetical to the statutory policy of promoting the development and implementation of community-based programs to prevent delinquent behavior. 705 ILCS 405/5-101(2)(a) (West 2010).

¶ 49 CONCLUSION

¶ 50 We conclude that the trial court was without authority to commit respondent to the Department of Juvenile Justice for unlawful consumption of alcohol. We, therefore, affirm the judgment of the appellate court reversing the judgment of the trial court.

¶ 51 Affirmed.