# Illinois Official Reports

## Appellate Court

---

### *People v. McCoy*, 2014 IL App (2d) 130632

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS McCOY, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-13-0632 |
| Filed | December 22, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where the trial court entered an order finding defendant unfit to stand trial after the court disregarded his request for a jury determination of his fitness and ordered defendant to stop talking, and defendant later entered a guilty plea after being found restored to fitness, defendant's appeal contending that the trial court erred in disregarding his request for a jury determination of his fitness was considered by the appellate court under the exceptions to the mootness doctrine applicable when the question at issue is capable of repetition without review and when the issue is a matter of public interest, and pursuant to section 104-12 of the Code of Criminal Procedure, the appellate court found that defendant had the right to personally demand a jury determination of his fitness; therefore, the trial court's judgment was reversed and the cause was remanded. |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, Nos. 13-CF-435, 13-TR-765-68; the Hon. Patrick L. Heaslip, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Michael J. Pelletier, Thomas A. Lilien, and Paul Alexander Rogers, all of State Appellate Defender's Office, of Elgin, for appellant. |
|---|---|
| | Joseph B. Bruscato, State's Attorney, of Rockford (Lawrence M. Bauer and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE HUDSON delivered the judgment of the court, with opinion.<br>Justices McLaren and Birkett concurred in the judgment and opinion. |

## OPINION

¶ 1     Defendant, Thomas McCoy, appeals the trial court's order finding him unfit to stand trial. He contends that the trial court erred by disregarding his demand for a jury determination of fitness under section 104-12 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/104-12 (West 2012)). Because a defendant has a statutory right to demand a jury determination of fitness, we reverse and remand.

¶ 2                                         I. BACKGROUND

¶ 3     On March 16, 2013, defendant was charged with various offenses. On April 4, 2013, defendant's counsel filed a motion to determine defendant's fitness to stand trial. The trial court ordered a fitness evaluation and, on May 19, 2013, an evaluation was filed concluding that defendant was unfit to stand trial but, with appropriate mental-health intervention, was likely to obtain fitness within one year.

¶ 4     On June 14, 2013, a hearing was held. The court confirmed with both parties that the report had been received, and defendant stated, "I demand a jury." The court did not respond and asked if there was an agreement on the fitness issue. The State said that there would be a stipulation, and defendant said, "[o]bjection to the stipulation." The court responded, "Mr. McCoy, I want you to stop talking. Stop it right now. Do not interrupt the proceedings." Defendant again objected, and the court said that if defendant did not stop he would be removed from the courtroom. Defendant again said, "I object. I do not consent." The State and defense counsel stipulated that defendant was unfit to stand trial, and the court found him unfit. Defendant yet again objected and demanded a jury hearing. The court never addressed defendant's requests for a jury. That same day, the court entered a written order finding defendant unfit.

¶ 5     On June 18, 2013, defendant filed a *pro se* notice of appeal, seeking review of the order finding him unfit. On June 20, 2013, the court entered another order finding defendant unfit to stand trial. On November 25, 2013, defendant was found to be restored to fitness and, on January 7, 2014, the court accepted guilty pleas from defendant. During the guilty-plea

hearing, defendant stated that he was a reverend with a doctorate degree in divinity. The court and defense counsel noted that defendant was previously found unfit and returned to court acting the same way.

¶ 6 On July 17, 2014, the State Appellate Defender sought leave to file a late notice of appeal from the convictions. We granted that motion. Subsequently, we remanded the cause for compliance with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001). *People v. McCoy*, No. 2-14-0707 (Dec. 2, 2014) (minute order). We did not address his argument that the trial court lacked jurisdiction to accept his guilty pleas (see *People v. Mutesha*, 2012 IL App (2d) 110059). In the present appeal, we granted defendant's motion to supplement the record with the related appeal.

¶ 7 II. ANALYSIS

¶ 8 Defendant contends that, under section 104-12 of the Code and *People v. Haynes*, 174 Ill. 2d 204 (1996), the trial court erred when it disregarded his request for a jury determination of his fitness to stand trial. In its brief, the State did not dispute the applicability of *Haynes*, but asked us to hold the matter in abeyance until the supreme court reviewed our decision in *People v. Holt*, 2013 IL App (2d) 120476. The supreme court did so on November 20, 2014, the same day that we held oral argument in this case. *People v. Holt*, 2014 IL 116989.

¶ 9 A. Mootness

¶ 10 At the outset, we address whether the matter is moot. Defendant concedes that he has been found to be restored to fitness but argues that several exceptions to the mootness doctrine apply.

¶ 11 "An appeal is considered moot where it presents no actual controversy or where the issues involved in the trial court no longer exist because intervening events have rendered it impossible for the reviewing court to grant effectual relief to the complaining party." *In re J.T.*, 221 Ill. 2d 338, 349-50 (2006). Generally, courts of review do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided. *In re Barbara H.*, 183 Ill. 2d 482, 491 (1998).

¶ 12 Reviewing courts, however, recognize exceptions to the mootness doctrine: (1) the public-interest exception, applicable where the case presents a question of public importance that will likely recur and whose answer will guide public officers in the performance of their duties, (2) the capable-of-repetition exception, applicable to cases involving events of short duration that are capable of repetition, yet evading review, and (3) the collateral-consequences exception, applicable where the order could return to plague the defendant in some future proceedings or could affect other aspects of the defendant's life. See *In re Alfred H.H.*, 233 Ill. 2d 345, 355-62 (2009). Defendant argues that all three of these exceptions apply to him. We find that the capable-of-repetition and the public-interest exceptions apply.

¶ 13 The exception for issues capable of repetition, yet evading review, has two requirements. "First, the challenged action must be of a duration too short to be fully litigated prior to its cessation." *Id.* at 358. "Second, there must be a reasonable expectation that 'the same complaining party would be subjected to the same action again.' " *Id.* (quoting *Barbara H.*, 183 Ill. 2d at 491). The present action and a potential future action must have a substantial enough relation that the resolution of the issue in the present case would have a bearing on a

similar issue presented in a future case involving the defendant. See *In re Val Q.*, 396 Ill. App. 3d 155, 160 (2009) (citing *Alfred H.H.*, 233 Ill. 2d at 360), *overruled on other grounds*, *In re Rita P.*, 2014 IL 115798, ¶¶ 33-34. In cases where the defendant challenges the specific facts that were established during the hearing, the exception generally does not apply, because those facts would necessarily be different in any future hearing and would have no bearing on similar issues presented in subsequent cases. See *id.* at 160-61; see also *Alfred H.H.*, 233 Ill. 2d at 360. However, when the defendant raises a purely legal question, such as an issue of statutory interpretation, the exception can apply because the court will likely again commit the same alleged errors. See *In re Jonathan P.*, 399 Ill. App. 3d 396, 401 (2010).

¶ 14    Here, the challenged action was obviously too short to be fully litigated during the pendency of the order. See *Alfred H.H.*, 233 Ill. 2d at 358. Defendant also argues a purely legal issue. Relying on *Haynes* and section 104-12 of the Code, he contends that he has a statutory right to demand a jury determination of fitness. He also notes that he has a potentially meritorious argument that the trial court lacked jurisdiction to accept his guilty pleas. In its brief, the State does not present any argument against application of this exception other than a note that, when the briefs were written, the record did not include information about defendant's guilty pleas and the related appeal. The record has since been supplemented with that information.

¶ 15    Because defendant has exhibited mental-health issues, including irrational behavior at his guilty-plea hearing, there is a reasonable expectation that questions regarding his fitness will recur. Further, because his argument addresses the court's ability to deny a personal request for a jury to determine fitness, absent a determination of the matter the court would likely continue to ignore any personal jury demands. Accordingly, this issue falls under the exception to the mootness doctrine for issues that are capable of repetition yet evading review.

¶ 16    The public-interest exception also applies. "Review of an otherwise moot issue under the public interest exception requires a clear showing of each of the following criteria: '(1) the question presented is of a public nature; (2) an authoritative determination of the question is desirable for the future guidance of public officers; and (3) the question is likely to recur.' " *Rita P.*, 2014 IL 115798, ¶ 36 (quoting *In re Shelby R.*, 2013 IL 114994, ¶ 16).

¶ 17    With regard to the first criterion, case-specific inquiries, such as the sufficiency of the evidence, do not present the kinds of broad public issues required for review under the public-interest exception. *Id.* However, where the issue is one of general applicability, such as the proper construction of a statute, the exception is implicated. See *id.*; *In re Mary Ann P.*, 202 Ill. 2d 393, 402 (2002) (finding that the procedures that must be followed and the proofs that must be made in mental-health cases are matters of a public nature and of substantial public concern).

¶ 18    "With respect to the second criterion, the need for an authoritative determination of the question, we consider the state of the law as it relates to the moot question." *Rita P.*, 2014 IL 115798, ¶ 37. Here, although the supreme court has interpreted the statute at issue in another context, there are no authoritative opinions on the precise issue raised by defendant. Accordingly, the issue raised in this case is one of first impression, making an authoritative determination desirable. See *Shelby R.*, 2013 IL 114994, ¶¶ 20-22 (holding that appellate court could properly consider issue of first impression under the public-interest exception).

¶ 19    With respect to the third criterion, defendant's own history demonstrates how this question might recur. Defendant was found unfit, he later exhibited behavior at his guilty-plea hearing

similar to behaviors exhibited when he was unfit, and he argues that there is a substantial likelihood that his guilty pleas will be vacated. See *In re Lance H.*, 2014 IL 114899, ¶ 14 (applying personal history to find that an issue might recur). Further, other individuals before the trial court might similarly personally state a desire for a jury determination and have that request ignored. Accordingly, the public-interest exception is also applicable and we discuss the merits of the appeal.

¶ 20                    B. Defendant's Ability to Personally Demand a Jury

¶ 21        Defendant contends that, under *Haynes*, the trial court erred when it disregarded his request for a jury determination of fitness. In its brief, as noted, the State did not dispute that *Haynes* is applicable. Instead, the State asked that we hold the matter in abeyance pending the supreme court's decision in *Holt*. At oral argument, the State argued that we should disregard or decline to follow *Haynes*.

¶ 22        There is no constitutional right to a jury at a hearing to determine fitness to stand trial. *People v. Manning*, 76 Ill. 2d 235, 239 (1979). Our legislature, however, has made provisions for a jury to determine the issue of a defendant's fitness under some circumstances. 725 ILCS 5/104-12 (West 2012). Section 104-12 of the Code provides:

> "Right to Jury. The issue of the defendant's fitness may be determined in the first instance by the court or by a jury. The defense or the State may demand a jury or the court on its own motion may order a jury. However, when the issue is raised after trial has begun or after conviction but before sentencing, or when the issue is to be redetermined under Section 104-20 or 104-27, the issue shall be determined by the court." *Id.*

¶ 23        "In construing a statute, a court's duty is to ascertain and give effect to the intent of the legislature." *Haynes*, 174 Ill. 2d at 222. "In determining that intent, a court must look first to the language of the statute and interpret that language in accordance with its plain and ordinary meaning." *Id.*

¶ 24        In *Haynes*, the defendant contended that the trial court erred by accepting his waiver of a jury determination of fitness. He argued that, under section 104-12, the term "the defense" meant that only counsel could waive the jury right. In disagreeing, our supreme court, applying the plain language of the statute, held that the term "the defense" did not exclude the defendant. Instead, " '[t]he defense,' as used in this context, is commonly considered to connote the 'team' or the 'side' that is defending. This definition does not exclude the defendant, but clearly encompasses him as a part of 'the defense team.' " *Id*. The court further determined that the legislative history did not support the defendant's argument, and it ultimately noted that the rational explanation for the wording was "to allow defense counsel to speak on the defendant's behalf to inform the court of the *defendant's wishes* on this issue." (Emphasis in original.) *Id*. at 224.

¶ 25        Here, under section 104-12 and the reasoning in *Haynes*, defendant had the right to personally demand a jury determination of fitness. Thus, the trial court erred when it disregarded his request. However, the State contends that *Holt* called the decision in *Haynes* into question. We disagree and find that *Holt* is not inconsistent with *Haynes*.

¶ 26        In *Holt*, a fitness hearing was held before a jury. The State conceded that it would not be able to meet its burden to show that the defendant was fit. The defendant's attorney moved for

a directed verdict, and the trial court granted the motion. On appeal, the defendant argued that her counsel was ineffective for failing to follow her personal preference for a finding that she was fit. We held that diligent advocacy did not require an attorney to blindly follow every desire of his or her client and that an attorney who doubts the sanity of a client may assume that the client cannot act in his or her own best interests. In particular, we noted that "[a]n attorney can ordinarily make binding waivers of many of his client's rights as to matters of trial tactics." (Internal quotation marks omitted.) *Holt*, 2013 IL App (2d) 120476, ¶ 11. Our supreme court affirmed and specifically emphasized that it was providing the limited holding that, where "the evidence clearly indicates that defendant is unfit to stand trial, but a defendant contends that he or she is fit, defense counsel is not obligated to adopt defendant's position and argue for a finding of fitness." *Holt*, 2014 IL 116989, ¶ 56.

¶ 27    Contrary to the State's assertions, the reasoning of *Holt* does not undermine *Haynes*. The cases involved two entirely separate issues, with *Haynes* interpreting section 104-12 and *Holt* considering whether a defense attorney may advocate for a fitness determination against the defendant's desires. The issues of the meaning of the term "the defense" in section 104-12 and whether the defendant may personally demand a jury determination of fitness were not at issue in *Holt*, nor were they decided either by this court or by the supreme court. Indeed, in *Holt* a jury made the fitness determination. Further, there is nothing inconsistent between the two cases. It is reasonable to allow a defendant to personally demand a jury determination of fitness, yet also allow the defendant's attorney to take a position on fitness that is contrary to that of the defendant.

¶ 28    Finally, the State contended for the first time at oral argument that *Haynes* was wrongly decided and that the right to demand a jury determination of fitness does not equate to the right to have the court actually order a jury determination. Arguments omitted from the appellee's brief and raised for the first time at oral argument are forfeited. See Ill. S. Ct. R. 341(i) (eff. Feb. 6, 2013) (applying Illinois Supreme Court Rule 341(h)(7) (eff. Feb. 6, 2013) to appellees' briefs). In any event, as to the State's first argument, "[t]he appellate court lacks authority to overrule decisions of [the Illinois Supreme Court], which are binding on all lower courts." *People v. Artis*, 232 Ill. 2d 156, 164 (2009). As to the second argument, given that section 104-12 of the Code provides for the "right" to a jury and allows the defendant to "demand" a jury determination, the State's interpretation of the statute would essentially render it meaningless. We hold that, under section 104-12 of the Code, the defendant has the right to personally demand a jury determination of fitness.

¶ 29                                    III. CONCLUSION

¶ 30    The trial court erred when it disregarded defendant's demand for a jury determination of fitness. Accordingly, the judgment of the circuit court of Winnebago County is reversed, and the cause is remanded.

¶ 31    Reversed and remanded.