2020 IL App (2d) 180718-U
Nos. 2-18-0718 & 2-18-0719 cons.
Order filed December 21, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 12-CM-5438 17-CM-1492 |
| | ) | |
| MICHAEL J. CORBETT, | ) ) | Honorable Keith A. Johnson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Justices McLaren and Hudson concurred in the judgment.

**ORDER**

¶ 1   *Held*: Exceptions to the mootness doctrine did not apply to defendant's claims that trial court erred in concluding evidence was sufficient to find defendant unfit or that his trial counsel rendered ineffective assistance of counsel at the fitness hearing.

¶ 2   Following a fitness hearing, the trial court found defendant, Michael Corbett, unfit to stand trial. See 725 ILCS 5/104-10 *et seq.* (West 2018). Defendant appealed, claiming that the trial court erred by finding him unfit and that trial counsel's failure to advocate for defendant's fitness constituted ineffective assistance of counsel. The trial court subsequently found defendant fit, thus rendering those issues moot. Defendant nevertheless contends we should otherwise review his

claims because (1) the trial court's purported error is one that is "capable of repetition, yet evading review" and (2) the public interest exception applies to his ineffective assistance of counsel claim. We conclude that neither of the asserted exceptions to the mootness doctrine applies to defendant's claims. Accordingly, we affirm.

¶ 3                                I. BACKGROUND

¶ 4        In 2014, defendant was charged with criminal trespass to land, aggravated assault, and resisting a peace officer in 12-CM-5438. A public defender was appointed, who subsequently raised a *bona fide* doubt as to defendant's fitness to stand trial. In a November 2014 fitness jury trial, Dr. Kathryn Murphy, a clinical psychologist with the Kane County Diagnostic Center (KCDC), testified that, based on her evaluation of defendant and her observations of defendant in court, she believed he was unfit to stand trial. The jury found defendant unfit. In February 2015, the court determined defendant had been restored to fitness. In September 2016, the trial court discharged defendant's public defender, at defendant's request, and allowed him to proceed *pro se*, although the court appointed the public defender as standby counsel.

¶ 5        In June 2017, defendant was charged with two counts of resisting a peace officer in 17-CM-1492. A public defender was appointed, who in November 2017 raised a *bona fide* doubt as to defendant's fitness to stand trial. In a February 2018 fitness jury trial, Dr. Jaime Thomas, a clinical psychologist with the KCDC, testified that, based on her evaluation of defendant, her review of a 21-page document prepared by defendant, and her review of Dr. Murphy's previous KCDC evaluation, she believed he was unfit to stand trial. The jury found defendant unfit to stand trial.

¶ 6        In March 2018, defendant's standby counsel in the 12-CM-5438 case alerted the court that defendant had been found unfit the month previous in the 17-CM-1492 case. The trial court

adopted the unfitness finding of the trial court in 17-CM-1492 and converted standby counsel's appointment to a full appointment. The trial court ordered that defendant be placed into the custody of the Illinois Department of Human Services (IDHS) to receive inpatient treatment to restore him to fitness. See 725 ILCS 5/104-17 (West 2018). Defendant was treated at the Elgin Mental Health Center (EMHC).

¶ 7    In July 2018, the EMHC sent the court a report indicating defendant had attained fitness to stand trial. Defendant was remanded to the custody of the Kane County jail after which his public defender declined to stipulate to the EMHC report and instead requested a new fitness evaluation by the KCDC, which the trial court granted. The court then set a consolidated fitness hearing for both of defendant's cases.

¶ 8    In August 2018, the trial court held the fitness hearing. The State called Dr. Margarete Ronnett and Dr. Timothy Olenek, both of whom treated defendant at the EMHC. They testified consistently that defendant was fit to stand trial. Specifically, they opined that: (1) defendant had a diagnosis of personality disorder with antisocial and narcissistic features; (2) defendant, rather than suffering lack of impulse control, would try to manipulate situations with his behavior; and (3) defendant was unwilling, though able, to assist his attorney. Defendant was fit because he had the ability to assist in his own defense but chose not to do so.

¶ 9    Defendant's counsel called Dr. Thomas, who had previously evaluated defendant and subsequently met with him at the Kane County Jail. In contrast to the State's experts, Dr. Thomas testified that defendant remained unfit to stand trial. Specifically, she opined that: (1) defendant had a diagnosis of delusional disorder of the persecutory type; (2) defendant's outbursts were due to impulsivity; and (3) defendant experienced delusional beliefs that attorneys, judges, and KCDC

staff members were conspiring against him. Thus, he did not have the ability to assist in his own defense.

¶ 10    Defendant asked to testify, but his public defender refused to call him as a witness and the court ruled that he could not countermand his counsel's decision.

¶ 11    The court thereafter found defendant unfit. It noted that the parties did not dispute that defendant could understand the nature of the proceedings but observed that "defendant is continuing to show that he cannot assist in his defense in [a court] setting." The court further stated that "the delusional disorder/persecutory type diagnosis seems to fit defendant better" and noted that "defendant was not able to make it through this hearing without having outbursts." It also reasoned that defendant's behavior at the hearing did not suggest he was in control of his outbursts because "if the defendant had the ability to manipulate currently, he would focus on being found fit at all costs so that he could get released from custody." The court also ordered that defendant be remanded to IDHS custody for further inpatient treatment to restore him to fitness.

¶ 12    In November 2018, defendant was subsequently found fit to stand trial.

¶ 13    Defendant timely appealed from the August 2018 unfitness ruling in both cases and moved to consolidate his appeals. We granted defendant's motion and consolidated the appeals from cases 12-CM-5438 and 17-CM-1492.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, defendant argues that (1) the trial court erred when it found him unfit to stand trial and (2) he received ineffective assistance of counsel when his trial counsel failed to advocate for defendant's position that he was fit. Defendant concedes in his brief that, because the trial court subsequently found defendant fit to stand trial, his claims regarding the unfitness determination are moot. Nevertheless, defendant contends that exceptions to the mootness doctrine permit us to

review the merits of his claims. First, defendant argues that we can review the trial court's fitness finding because the court's improper weighing of the evidence is "capable of repetition, yet evading review." Second, defendant argues that we can rule on his ineffective assistance of counsel claim because the evidence of fitness was "overwhelming" such that the public interest exception applies.

¶ 16     Concerning defendant's sufficiency of the evidence claim, an otherwise moot issue can be challenged as "capable of repetition, yet evading review" if "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again." *In re Barbara H.*, 183 Ill. 2d 482, 491 (1998). To qualify for this exception, "there must be a substantial likelihood that the issue presented in the instant case, and any resolution thereof, would have some bearing on a similar issue presented in a subsequent case." *In re Alfred H.H.*, 233 Ill. 2d 345, 360 (2009). Where a challenge is to the sufficiency of the evidence adduced at a specific hearing, rather than to an interpretation of a statute or a constitutional provision, it is unclear how resolution of the issue could help the litigant in a subsequent case. See *id.* (holding that exception did not apply to respondent's claim that trial court erred when it found, following evidentiary hearing, that he satisfied the criteria for involuntary commitment). Where, as here, a defendant does not raise a statutory or constitutional claim regarding the evidence, the exception generally does not apply because the facts adduced "would necessarily be different in any future hearing and would have no bearing on similar issues presented in subsequent cases." *People v. McCoy*, 2014 IL App (2d) 130632, ¶ 13 (holding that exception did apply to defendant's claim that he was entitled to jury determination of fitness).

¶ 17     Here we conclude that reviewing the sufficiency of the trial court's August 2018 unfitness

ruling would have no bearing on any future fitness litigation involving defendant. Fitness determinations are specific to the time of the hearing and, while past psychological evidence is often relevant at such a hearing, future fitness determinations would ultimately be based upon an assessment of defendant's abilities contemporaneous with the hearing. Simply put, the facts relevant to a future determination of defendant's fitness "would necessarily be different in any future hearing." *Id.* Thus, the exception to the mootness doctrine for issues "capable of repetition, yet evading review" does not apply.

¶ 18    Turning next to defendant's ineffective assistance of counsel claim, we consider defendant's argument that the public interest exception to the mootness doctrine permits our review of this claim.  The public interest exception to the mootness doctrine permits a court to review a moot issue if "(1) the question presented [is] public rather than case-specific in nature; (2) an authoritative determination is needed to guide public officers; and (3) the question is likely to recur. *People v. Holt*, 2014 IL 116989, ¶ 47. Defendant asserts that the public interest exception applies because the evidence of his fitness was "overwhelming" and it would assist public officers to know what to do in such a circumstance where defense counsel persists in alleging unfitness in contravention of such evidence.

¶ 19    In addressing defendant's contention, we note cases that have addressed the public interest exception in related contexts. In *Holt*, our supreme court elected to apply the public interest exception to provide guidance where a defendant insisted on his fitness in the face of uncontroverted and unanimously accepted evidence of unfitness.  *Id.* ¶¶ 44, 48. The court reasoned the defendant's claim presented an opportunity to address the responsibilities of a criminal defense attorney "in a situation where the court, and every attorney involved, appears to have recognized that defendant was unfit," thus presenting a question public in nature that was likely to recur and

required authoritative guidance. *Id.* ¶¶ 47, 48.

¶ 20    Similarly, this court applied the public interest exception in two other fitness-related contexts. The first was whether defense counsel commits *per se* ineffective assistance of counsel where a defendant insists he is fit and the evidence does not clearly show he is unfit, but where defense counsel nevertheless argues defendant is unfit. *People v. Wilber*, 2018 IL App (2d) 170328, ¶ 10 (concluding the issue raised a "legal question[ ] of broad applicability"). The second was whether a defendant is entitled to a jury determination of fitness. *McCoy*, 2014 IL App (2d) 130632, ¶ 16.

¶ 21    Unlike the foregoing cases, we conclude that the question presented by defendant's ineffective assistance of counsel claim is case-specific in nature and that its resolution would provide no authoritative guidance to public officers. Unlike the situation in *Holt*, resolution of defendant's claim here would require "case-specific, nuanced considerations of evidentiary weight." See *Holt*, 2014 IL 116989, ¶ 48. Nor is it any longer necessary for us to answer whether a defense counsel's decision to argue unfitness in contravention of his client's wishes is *per se* ineffective assistance where the evidence is unclear. See *Wilber,* 2018 IL App (2d) 170328, ¶ 10. Defendant attempts to distinguish this case from *Holt* and *Wilbur*, stating: "the majority of the evidence was that [he] was fit to stand trial." Defendant also claims the evidence in favor of his fitness was "overwhelming."

¶ 22    Essentially, defendant urges that we should apply the public interest exception to determine that *per se* ineffective assistance occurs where "the majority of the evidence supports a defendant's fitness" and counsel refuses to advocate for the defendant's fitness against the defendant's wishes. Quite apart from the merits of such a pronouncement, we do not reach the issue because the evidence belies defendant's characterization that the evidence demonstrated he was

overwhelmingly fit.

¶ 23    At the August 2018 fitness hearing, the State called two experts from the EMHC, a psychiatrist and a clinical psychologist, who had each treated defendant and testified that they believed him fit to stand trial. Conversely, defense counsel called a psychologist who had previously evaluated defendant based on documents defendant had submitted to the court, briefly interviewed defendant at the Kane County Jail and reviewed previous fitness evaluations, and observed defendant's behavior in court. Significantly, despite crediting the testimony of all three expert witnesses as credible, the trial court found defendant unfit to stand trial, relying in part on its own observations of defendant's behavior and demeanor at the hearing. Considered in its entirety, the evidence adduced at the fitness hearing did not show defendant was clearly fit to stand trial.

¶ 24    Because the evidence that defendant was fit was not "overwhelming," this case does not present an opportunity to delineate a bright-line rule as did *Holt* and *Wilber*. Further, defendant does not ask us to decide a legal question of broad applicability. Ruling on his ineffective assistance of counsel claim would require a fact-specific review of the record with minimal applicability to future litigants, and, as noted above, the facts relevant to a future determination of defendant's fitness "would necessarily be different in any future hearing." *McCoy*, 2014 IL App (2d) 130632, ¶ 13. Thus, the public interest exception does not apply.

¶ 25    Because we conclude that neither of defendant's claims falls under the exception advanced by defendant, we decline to address the merits of defendant's moot claims.

¶ 26                                III. CONCLUSION

¶ 27    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 28    Affirmed.