Rule 23 Order filed
April 21, 2017;
Motion to publish granted
May 31, 2017.

2017 IL App (5th) 150398

NO. 5-15-0398

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| DAVID KOSHINSKI, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 15-CH-362 |
| | ) | |
| JESSICA TRAME, in Her Official Capacity | ) | |
| as Chief of the Firearms Services Bureau of | ) | |
| the Department of State Police, | ) | Honorable |
| | ) | John B. Barberis, Jr., |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE OVERSTREET delivered the judgment of the court, with opinion.
Justices Welch and Cates concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiff, David Koshinski, filed an action challenging the constitutionality of two firearm licensing statutes, section 8.2 of the Firearm Owners Identification Card Act (FOID Card Act) (430 ILCS 65/8.2 (West 2014)) and section 70(b) of the Firearm Concealed Carry Act (430 ILCS 66/70(b) (West 2014)), which temporarily revoked, without giving him notice or an opportunity to be heard, his right to possess firearms as a result of an emergency order of protection entered against him. Because the defendant, Jessica Trame, in her official capacity as chief of the Firearms Services Bureau of the

1

Department of State Police, had restored the plaintiff's right to possess firearms prior to the hearing on his action, the circuit court dismissed the plaintiff's action as moot. For the following reasons, we reverse the circuit court's dismissal order, and we remand the cause for further proceedings.

¶ 2                                    BACKGROUND

¶ 3     The plaintiff owns an Illinois FOID card and an Illinois firearm concealed carry license. On May 4, 2015, the circuit court entered an *ex parte* emergency protective order against the plaintiff. According to the plaintiff, his stepfather-in-law had petitioned for and obtained an *ex parte* protective order, without notice to the plaintiff, after the two men argued on the telephone. Thereafter, the Illinois State Police notified the plaintiff that his firearm licenses were temporarily revoked based on entry of the protective order. The plaintiff alleged that he was forced to surrender his gun licenses and transfer his firearms.

¶ 4     On May 21, 2015, the circuit court modified the emergency protective order to a mutual stay away order, requiring the plaintiff and his stepfather-in-law to stay away from each other. The circuit court's order was entered following notice and a hearing at which the plaintiff participated. On August 6, 2015, the circuit court vacated its May 21, 2015, modified order, and therefore, the plaintiff was no longer subject to an order of protection. Thereafter, the defendant restored the plaintiff's gun licenses.

¶ 5     On June 15, 2015, the plaintiff filed a complaint in the circuit court, challenging the constitutionality of section 8.2 of the FOID Card Act (430 ILCS 65/8.2 (West 2014)) and section 70(b) of the Firearm Concealed Carry Act (430 ILCS 66/70(b) (West 2014)).

2

The plaintiff alleged that he was improperly denied his constitutionally protected right to bear arms, without notice or an opportunity to be heard, based on entry of the *ex parte* emergency protective order. Alleging violations of the second and fourteenth amendments to the United States Constitution (U.S. Const., amends. II, XIV), the plaintiff sought a declaration that the firearm licensing statutes were unconstitutional. He further sought an injunction restraining the defendant from suspending or revoking his gun licenses "in the event of an [e]mergency or other [o]rder of [p]rotection being issued against [him], unless said order was issued after a hearing of which [he] received actual notice[ ] and *** opportunity to participate." He also sought an award of "costs and attorney fees, pursuant to 42 U.S.C. [§] 1988."

¶ 6    On August 26, 2015, the defendant filed a motion to dismiss the plaintiff's complaint as moot because his gun licenses had been reinstated. The plaintiff contended that his claims were not moot because he sought attorney fees and because he remained at risk of prosecution. He further asserted that his claims should be heard under the public interest and capable-of-repetition-but-avoiding-review exceptions to mootness. On September 18, 2015, after a hearing, the circuit court entered an order granting the defendant's motion to dismiss and denying as moot all other pending motions. On September 22, 2015, the plaintiff filed a notice of appeal.

¶ 7                                    ANALYSIS

¶ 8    Initially, we note that on May 31, 2016, while this case was pending appeal, the plaintiff filed a motion to strike pages of the defendant's appendix on the basis that the documents were not filed in the circuit court. These documents include the emergency

3

order of protection entered on May 4, 2015, the May 21, 2015, mutual stay away order that vacated the May 4, 2015, order, and the August 6, 2015, order vacating the mutual stay away order and advising the defendant that nothing further supported the revocation of the plaintiff's gun licenses. We ordered that this motion be taken with the case.

¶ 9 The record on appeal may be supplemented pursuant to Illinois Supreme Court Rule 329 (eff. Jan. 1, 2006) only with evidence that was before the trial court. See *Jones v. Ford Motor Co.*, 347 Ill. App. 3d 176, 180 (2004). Generally "[a]ttachments to briefs not included in the record are not properly before the reviewing court and cannot be used to supplement the record." *Zimmer v. Melendez*, 222 Ill. App. 3d 390, 394-95 (1991).

¶ 10 Pursuant to Illinois Rule of Evidence 201(b), however, we may take judicial notice of facts that are "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Ill. R. Evid. 201(b) (eff. Jan. 1, 2011). See also *Curtis v. Lofy*, 394 Ill. App. 3d 170, 172 (2009) (public documents, including court records, are subject to judicial notice); *In re Marriage of Wojcik*, 362 Ill. App. 3d 144, 169 (2005) (same). A reviewing court may take judicial notice of readily verifiable facts if doing so will aid in efficiently disposing of the case, even if the parties did not seek judicial notice in the trial court. *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 37. Accordingly, the circuit court's orders are proper materials for judicial notice. We therefore deny the plaintiff's motion to strike these documents.

¶ 11 The plaintiff describes his action as a civil action for deprivation of rights (42 U.S.C. § 1983 (2012)), seeking to hold that portions of the Illinois gun licensing statutes

4

violate the second and fourteenth amendments to the United States Constitution (U.S. Const., amends. II, XIV). The plaintiff takes issue with the statutes' requirements to suspend, without prior notice or opportunity to be heard, his right to keep and bear arms on the basis of an *ex parte* order of protection.

¶ 12 The second amendment states, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II. The fourteenth amendment makes the second amendment right to keep and bear arms fully applicable to the states. U.S. Const., amend. XIV; *McDonald v. City of Chicago*, 561 U.S. 742, 790 (2010) (opinion of Alito, J., joined by Roberts, C.J., and Scalia and Kennedy, JJ.). The second amendment confers an individual the right to keep and bear arms in the home, for example, for purposes of self-defense. *McDonald*, 561 U.S. at 767 (individual self-defense is central component of second amendment right); *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008) (under any standards of scrutiny, banning from the home the handgun, which is the most preferred firearm to keep and use to protect home and family, would fail constitutional muster).

¶ 13 Emergency orders of protection may be entered *ex parte* if, upon examining the petitioner and the petition, the court determines that "the harm which that remedy is intended to prevent would be likely to occur if the respondent were given any prior notice, or greater notice than was actually given, of the petitioner's efforts to obtain judicial relief." 750 ILCS 60/217(a)(3)(i) (West 2014). Emergency orders (unless reopened or extended) are "effective for not less than 14 nor more than 21 days." 750

ILCS 60/220(a)(1) (West 2014). For emergency and interim orders of protection, the respondent may petition the court to reopen the order upon two days' notice to the petitioner. 750 ILCS 60/224(d), 221(b)(6) (West 2014).

¶ 14 In his complaint, the plaintiff raised constitutional challenges to section 8.2 of the FOID Card Act (430 ILCS 65/8.2 (West 2014)) and section 70(b) of the Firearm Concealed Carry Act (430 ILCS 66/70(b) (West 2014)). The FOID Card Act regulates firearm possession in Illinois. 430 ILCS 65/0.01 *et seq.* (West 2014). Section 8.2 of the FOID Card Act provides as follows:

> "The Department of State Police *** shall revoke and seize a [FOID] Card previously issued under this Act if the Department finds that the applicant or person to whom such card was issued is or was at the time of issuance subject to an existing order of protection." 430 ILCS 65/8.2 (West 2014).

When a FOID card is revoked, the Illinois State Police notifies the holder in writing, states the reasons for taking this action, and advises him of his rights and obligations. 430 ILCS 65/9 (West 2014). After receiving a revocation notice from the Illinois State Police, the firearm owner has 48 hours within which to surrender his FOID card to local law enforcement authorities, complete a firearm disposition record (identifying the firearms owned and where they will be kept during the prohibited term), and transfer his firearms as reflected in the record. 430 ILCS 65/9.5(a) (West 2014). After expiration of the 48-hour period following notice of revocation, law enforcement authorities may obtain a warrant to search for firearms. 430 ILCS 65/9.5(c) (West 2014). Misdemeanor penalties for noncompliance apply. 430 ILCS 65/9.5(d) (West 2014).

6

¶ 15   In addition to acquiring a FOID card, those who wish to carry a concealed handgun about their persons in public or in a vehicle must also acquire from the Illinois State Police a concealed carry license. 430 ILCS 66/1 *et seq.* (West 2014). Section 70(b) of the Firearm Concealed Carry Act provides as follows:

> "A license shall be suspended if an order of protection, including an emergency order of protection, plenary order of protection, or interim order of protection *** is issued against a licensee for the duration of the order ***. If an order of protection is issued against a licensee, the licensee shall surrender the license, as applicable, to the court at the time the order is entered or to the law enforcement agency or entity serving process at the time the licensee is served the order. The court, law enforcement agency, or entity responsible for serving the order of protection shall notify the Department within 7 days and transmit the license to the Department." 430 ILCS 66/70(b) (West 2014).

In any event, if a concealed carry license is suspended because a protective order has been issued, the holder must surrender his license within 48 hours of receiving notice of suspension. 430 ILCS 66/70(g) (West 2014). If the licensee fails to comply with the requirements, the law enforcement agency may petition the circuit court to issue a warrant to search for and seize the concealed carry license. *Id.* Misdemeanor penalties for noncompliance apply. *Id.*

¶ 16                                    Mootness

¶ 17   The defendant argues that the plaintiff's claim, that the firearm licensing statutes revoking his firearm licenses are unconstitutional, is moot because the plaintiff's licenses

7

have been reinstated. The plaintiff counters that his claims are not moot because he seeks declaratory and injunctive relief, in addition to attorney fees and costs.

¶ 18 "The existence of an actual controversy is an essential requisite to appellate jurisdiction, and courts of review will generally not decide abstract, hypothetical, or moot questions." *In re Andrea F.*, 208 Ill. 2d 148, 156 (2003). "An appeal is considered moot where it presents no actual controversy or where the issues have ceased to exist." *Id.* "The test for mootness is whether the issues involved in the trial court no longer exist because intervening events have rendered it impossible for the reviewing court to grant effectual relief to the complaining party." *Id.* "A reviewing court can take judicial notice of events which, while not appearing in the record, disclose that an actual controversy no longer exists, rendering the issue before the court moot." *Id.*

¶ 19 In this case, because the plaintiff's firearm licenses have been reinstated, he is no longer subject to the licensing statutes he seeks to be declared as unconstitutional. The temporary revocation provisions in the firearm licensing statutes no longer apply to the plaintiff. As a result, this court cannot grant any meaningful relief to him by ruling on the constitutionality of the statutes, declaring them unconstitutional, or enjoining their enforcement. See *Messenger v. Edgar*, 157 Ill. 2d 162, 171 (1993) (even in context of action for declaratory judgment, there must be an actual controversy between adverse parties). Accordingly, the question of the statutory provisions' constitutionality is now moot. See *In re Marriage of Donald B.*, 2014 IL 115463, ¶ 30 (because complainant complied with requirements of statute, the statutory restriction on his rights no longer applied to him, and the question of the statute's constitutionality was moot). "Where the

8

issues involved in the trial court no longer exist, an appellate court will not review the cause merely to decide moot or abstract questions, to determine costs, or to establish a precedent." *In re Estate of Wellman*, 174 Ill. 2d 335, 353 (1996).

¶ 20 Generally, a party resisting dismissal for mootness has the burden to show an exception to the mootness doctrine on at least one of three grounds: that the case involves an issue of great public importance, that the case falls into the category of one that is capable of repetition but evading review, or that there are collateral consequences of the order appealed from such that it could return to plague the complainant in some future proceedings or could affect other aspects of the complainant's life. *People v. Madison*, 2014 IL App (1st) 131950, ¶ 12.

¶ 21                          *Public Importance Exception*

¶ 22 The plaintiff argues that, if the issue is held to be moot, the court should consider the constitutionality of the firearm suspension statutes under the public importance exception to the mootness doctrine. He argues that the public importance exception applies because the defendant is a public employee sued in her official capacity, the question involves the constitutionality of an Illinois statute, and the question will recur as each *ex parte* order of protection is entered against a firearm licensee.

¶ 23 "The public interest exception to the mootness doctrine permits review of an otherwise moot question when the magnitude or immediacy of the interests involved warrants action by the court." *Commonweath Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 12. "The public interest exception to the mootness doctrine applies only when '(1) the question presented is of a public nature; (2) an authoritative

9

determination of the question is desirable for the future guidance of public officers; and (3) the question is likely to recur.' " *Id.* (quoting *In re Shelby R.*, 2013 IL 114994, ¶ 16). "The public interest exception is narrowly construed and requires a clear showing of each of its criteria." *Id*. ¶ 13. "If any one of the criteria is not established, the exception may not be invoked." *Id.*

¶ 24    Here, the question presented is of a public nature. The issue of whether the legislature enacted legislation violating our constitution is a matter of public importance. See *Johnson v. Edgar*, 176 Ill. 2d 499, 513 (1997) (issue of whether legislature enacted broad-sweeping legislation in a manner that violates our constitution is a matter of public importance). Though arguably less represented in Illinois caselaw, the right to bear arms found in the second amendment to the Constitution is no less fundamental. See *People v. Aguilar*, 2013 IL 112116, ¶ 20 (second amendment protects right to keep and bear arms). Further, as noted by the plaintiff, the defendant is a public official sued in her official capacity acting under her interpretation of the law. The issue is not case-specific but will broadly determine the rights of firearm licensees who are subject to *ex parte* orders of protection and the firearm suspension statutes. See *In re Rita P.*, 2014 IL 115798, ¶ 36. This issue is of sufficient breadth and has a significant effect on the public as a whole so as to satisfy the public nature criterion. See *In re Alfred H.H.*, 233 Ill. 2d 345, 357 (2009). Accordingly, the first criterion for review under the public interest exception is satisfied.

¶ 25    The defendant argues that the plaintiff cannot establish the second criterion under the public interest exception because he fails to demonstrate that the law is in disarray or that conflicting precedents require resolution. In *In re Shelby R.*, 2013 IL 114994, ¶ 18,

10

the Illinois Supreme Court noted that since its formal adoption of the public interest exception, it had reviewed a variety of otherwise moot issues under this exception. See, *e.g.*, *In re E.G.*, 133 Ill. 2d 98 (1989) (whether a minor has the right to refuse medical treatment); *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391 (1994) (whether a political party may fill a vacancy in nomination for judicial office by party resolution); *People v. Roberson*, 212 Ill. 2d 430 (2004) (whether a defendant is entitled to a credit on a violation-of-bail-bond sentence for time spent in custody awaiting trial on the underlying charge that was dismissed); *In re Christopher K.*, 217 Ill. 2d 348 (2005) (whether the law-of-the-case doctrine bars consideration of an extended juvenile jurisdiction motion after the denial of a discretionary transfer motion is affirmed on appeal); *Wirtz v. Quinn*, 2011 IL 111903 (whether an appropriations bill impermissibly contained substantive law).

¶ 26    The supreme court in *Shelby R.* noted that although it generally declined to apply the public interest exception when there were no conflicting precedents requiring an authoritative resolution, the absence of a conflict did not necessarily bar review. *In re Shelby R.*, 2013 IL 114994, ¶ 20. The court held that "even issues of first impression may be appropriate for review under this exception." *Id.* (citing *People ex rel. Wallace v. Labrenz*, 411 Ill. 618, 623 (1952) (public interest exception applicable where issue involved whether a trial court's order requiring infant to undergo a blood transfusion violated the constitutional rights of the infant's parents who had objected to the transfusions on religious grounds)); *Wisnasky-Bettorf v. Pierce*, 2012 IL 111253 (public interest exception applicable where issue involved the filling of vacancies in nomination

11

of a public office); *Sandholm v. Kuecker*, 2012 IL 111443 (public interest exception applicable where issue involved recovery of attorney fees); *Goodman v. Ward*, 241 Ill. 2d 398 (2011) (public interest exception applicable where issue involved residency requirements of election law); *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200 (2008) (public interest exception applicable where appeal raised question of election law). The court in *Shelby R.* concluded that the issue of first impression before it—whether a juvenile may be committed to the Department of Juvenile Justice for underage drinking—was in need of an authoritative determination because it involved the liberty interests of minors. *In re Shelby R.*, 2012 IL 114994, ¶ 22. The court held that the need for an authoritative determination of the issue was at least as great as the need relative to the attorney fee issue in *Sandholm*, the candidate eligibility issue in *Goodman*, and the medical care issue in *Labrenz. Id.* The court held that "[p]roviding a definitive decision as to the statutory limits of a judge's sentencing authority for underage drinking, a common occurrence, w[ould] provide guidance not only to juvenile court judges and prosecutors, but also defense attorneys who must advise their young clients in a competent and accurate manner." *Id.* Thus, the court concluded that the public interest exception to the mootness doctrine was applicable and reviewed the sentencing issue on the merits. *Id.* ¶ 23.

¶ 27    Likewise, in this case, the absence of a conflict in law does not necessarily bar our review. See *id.* Providing a definitive decision as to the statutory limits of a state's authority to limit a citizen's firearm ownership as a result of a trial court entering an *ex parte* order of protection, a common occurrence, will provide guidance to judges and

12

prosecutors and firearm owners, in addition to public officers, including the defendant, faced with questions regarding the statutes' validity. See *id.* Accordingly, we find that the second requirement for the public interest exception to the mootness doctrine is met because " 'an authoritative determination of the question is desirable for the future guidance of public officers.' " *Commonwealth Edison Co.*, 2016 IL 118129, ¶ 15 (quoting *In re Shelby R.*, 2013 IL 114994, ¶ 16); see also *In re Rita P.*, 2014 IL 115798, ¶ 37 (in appeal from involuntary treatment of psychotropic medication, court found public interest exception applicable because issue of first impression—whether fact-finding requirement of Mental Health Code was mandatory or directory—was in need of authoritative determination).

¶ 28    Further, the role of the defendant, as chief of the Firearms Services Bureau, in executing the provisions of the firearm suspension statutes is a recurring question. See *People ex rel. Department of Corrections v. Fort*, 352 Ill. App. 3d 309, 314 (2004) (issue regarding propriety of force to monitor and/or force feed inmate on hunger strike was properly reviewed under public interest exception to mootness doctrine because whether an inmate may starve to death while under the care of the Department of Corrections was a matter of public importance and the role of the Department in these situations was a recurring question); see also *People ex rel. Department of Corrections v. Millard*, 335 Ill. App. 3d 1066, 1070 (2003) (same). Thus, this question is likely to recur. Because this case meets the requirements of the public interest exception to the mootness doctrine, we find that the circuit court improperly dismissed it as moot.

13

¶ 29                             CONCLUSION

¶ 30    For the reasons stated, we reverse the judgment of the circuit court of Madison County, and we remand the cause for further proceedings.

¶ 31    Reversed; cause remanded.

2017 IL App (5th) 150398

NO. 5-15-0398

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

DAVID KOSHINSKI,                                   )        Appeal from the
                                                   )        Circuit Court of
    Plaintiff-Appellant,                           )        Madison County.
                                                   )
v.                                                 )        No. 15-CH-362
                                                   )
JESSICA TRAME, in Her Official Capacity            )
as Chief of the Firearms Services Bureau of        )
the Department of State Police,                     )        Honorable
                                                   )        John B. Barberis, Jr.,
    Defendant-Appellee.                            )        Judge, presiding.

_____

**Rule 23 Order Filed:**          April 21, 2017
**Motion to Publish Granted:**    May 31, 2017
**Opinion Filed:**                May 31, 2017

_____

**Justices:**        Honorable David K. Overstreet, J.

                Honorable Thomas M. Welch, J., and
                Honorable Judy L. Cates, J.,
                Concur

_____

**Attorney**         Thomas G. Maag, Maag Law Firm, LLC, 22 West Lorena Avenue,
**for**              Wood River, IL 62095
**Appellant**

_____

**Attorneys**        Lisa Madigan, Attorney General, State of Illinois, Carolyn E. Shapiro,
**for**              Solicitor General, Laura Wunder, Assistant Attorney General, 100 West
**Appellee**         Randolph Street, 12th Floor, Chicago, IL 60601

_____