NOTICE

Decision filed 08/25/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230009-U

NO. 5-23-0009

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| DAVID KOSHINSKI, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 15-CH-362 |
| | ) | |
| JEFFREY YENCHKO, Chief of Illinois State Police | ) | |
| Firearms Services Bureau, | ) | Honorable |
| | ) | A. Ryan Jumper, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Justices Boie and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appeal is dismissed as moot where plaintiff's as-applied challenge to the constitutionality of two firearms licensing provisions is moot and does not fall under the public interest exception to the mootness doctrine.

¶ 2    The plaintiff, David Koshinski, filed an action for declaratory and injunctive relief, challenging the constitutionality of section 8.2 of the Firearm Owners Identification Card Act Identification (FOID Card Act) (430 ILCS 65/8.2 (West 2014)) and section 70(b) of the Firearm Concealed Carry Act (Concealed Carry Act) (430 ILCS 66/70(b) (West 2014)). The plaintiff claimed that these firearm licensing statutes improperly authorized the Illinois State Police to temporarily suspend or revoke the FOID cards and concealed carry licenses of Illinois citizens, including himself, based on an *ex parte* emergency order of protection entered against them, without notice or an opportunity to be heard. The trial court initially dismissed the plaintiff's action

1

with prejudice on grounds of mootness. On appeal, this court concluded that the plaintiff's action was moot, but that the plaintiff's facial constitutional challenge met the requirements of the public interest exception to the mootness doctrine. We reversed the order of dismissal, and we remanded the case for further proceedings on that claim. See *Koshinski v. Trame* (*Koshinski I*), 2017 IL App (5th) 150398. Several years after the remand, the parties filed cross-motions for summary judgment. Following a hearing, the circuit court granted the defendant's motion for summary judgment and denied the plaintiff's motion for summary judgment. On appeal, the plaintiff claims the circuit court erred in denying his motion for summary judgment where he showed that the firearms statutes were unconstitutional as applied to him. For the following reasons, the appeal is dismissed as moot.

¶ 3                                    I. BACKGROUND

¶ 4      This case was originally filed in June 2015, and this is second time it has been before this court. An overview of the background facts and procedural history relevant to the disposition of the appeal follows.

¶ 5      On May 4, 2015, the circuit court of Madison County issued an *ex parte* emergency order of protection against the plaintiff, based upon allegations that the plaintiff threatened to beat up his 77-year-old father-in-law. The protective order was served on the plaintiff on May 6, 2015. At that time, the plaintiff had a valid Illinois FOID card, and a valid Illinois concealed carry license. The Illinois State Police notified the plaintiff that his FOID card had been temporarily revoked, and his concealed carry license suspended due to the protective order. On May 19, 2015, the plaintiff filed a petition to rehear the emergency order of protection. Following a hearing on May 21, 2015, the circuit court vacated the *ex parte* emergency order of protection and then entered an agreed "mutual stay away" order that required the plaintiff and his father-in-law to stay away from each

2

other. The plaintiff had notice of the hearing. He participated in the proceedings and agreed to the "mutual stay away" order. Subsequently, the plaintiff's FOID card and concealed carry license were reissued. The "mutual stay away" order was vacated on August 6, 2015.

¶ 6        On June 15, 2015, the plaintiff filed this action against the defendant, Jessica Trame, Chief of the Illinois State Police Firearms Services Bureau,[1] in the circuit court of Madison County, challenging the constitutionality of section 8.2 of the FOID Card Act (430 ILCS 65/8.2 (West 2014)) and section 70(b) of the Concealed Carry Act (430 ILCS 66/70(b) (West 2014)). The plaintiff alleged that enforcement of those statutory provisions improperly deprived Illinois citizens, such as himself, of their constitutional right to bear arms, based on the entry of an *ex parte* emergency order of protection against them, without notice or an opportunity to be heard. Asserting violations of the second and fourteenth amendments to the United States Constitution (U.S. Const., amends. II, XIV), the plaintiff sought a declaratory judgment that section 8.2 of the FOID Card Act and section 70(b) of the Concealed Carry Act were unconstitutional. He also sought a permanent injunction restraining the defendant from suspending or revoking his firearms licenses "in the event of an Emergency or other Order of Protection being issued against [him], unless said order was issued after a hearing of which [he] received actual notice and *** an opportunity to participate." He requested an award for the costs and attorney fees he incurred "pursuant to 42 U.S.C. [§] 1988."

¶ 7        On August 24, 2015, the plaintiff filed a motion for summary judgment and permanent injunction. The plaintiff argued that section 8.2 of the FOID Card Act and section 70(b) of the Concealed Carry Act were unconstitutional "on their face" because the enforcement of those

---

[1]The case was originally filed against Jessica Trame, in her official capacity as Chief of the Firearms Services Bureau of the Illinois State Police. During the pendency of this case, Jeffrey Yenchko replaced Jessica Trame as the Chief of the Firearms Services Bureau, and he was substituted as the named defendant.

3

provisions resulted in the deprivation of second and fourteenth amendment rights, without due process or any other valid reason. He sought a judgment declaring those statutes unconstitutional and enjoining the defendant from enforcing or complying with them. He also sought to enjoin the defendant from suspending or revoking any FOID card or concealed carry license based only on an *ex parte* order of protection entered without notice or an opportunity to be heard, along with an award of costs and attorney fees.

¶ 8 On August 26, 2015, the defendant filed a motion to dismiss the plaintiff's complaint with prejudice. The defendant claimed the plaintiff's cause of action was moot because the plaintiff's firearms licenses had been reinstated and there was no actual controversy remaining in the case. The defendant also claimed that the public interest exception to the mootness doctrine did not apply to the plaintiff's action. In reply, the plaintiff argued that his action was not moot because his claim for attorney fees was pending and because he remained at risk for the temporary suspension or revocation of his firearms licenses should another order of protection be issued against him. The plaintiff argued, in the alternative, that his claims should be heard under the public interest exception or the capable-of-repetition-but-avoiding-review exception to the mootness doctrine. He claimed the continued enforcement of the statutes placed thousands of people holding FOID cards and concealed carry licenses at risk for temporary loss of their constitutional right to bear arms, without notice or an opportunity to be heard. He further claimed, "Any fact unique to plaintiff is irrelevant, as the question is simply the public question of whether Second Amendment rights can be suspended, without any notice or opportunity to be heard." Following a hearing on September 18, 2015, the circuit court granted the defendant's motion to dismiss the plaintiff's cause of action with prejudice for mootness and denied all other pending motions as moot. The plaintiff appealed.

¶ 9    In an opinion filed May 31, 2017, this court determined that the plaintiff's constitutional challenges to the firearm licensing statutes were moot. We found that because the plaintiff's firearm licenses had been reinstated and because he was no longer subject to the licensing statutes and the temporary revocation provisions that he claimed were facially unconstitutional, there was no meaningful relief that could be granted. *Koshinski I*, 2017 IL App (5th) 150398, ¶ 19. We then determined that the plaintiff's facial challenge satisfied the criteria for the public interest exception. To that end, we found that the facial challenge was not "case-specific" and would broadly determine the rights of firearm licensees who were subject to *ex parte* emergency orders of protection and the firearm suspension statutes. *Koshinski I*, 2017 IL App (5th) 150398, ¶ 24. We also found that the absence of conflicting precedents did not necessarily bar review when the question was likely to recur and an authoritative determination of the question was desirable to provide future guidance to public officers. *Koshinski I*, 2017 IL App (5th) 150398, ¶¶ 27-28. We reversed the order of dismissal, and we remanded the case for further proceedings. The mandate issued on July 18, 2017.

¶ 10    On November 17, 2017, the defendant moved to dismiss the plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2016)), alleging that it failed to state a claim as a matter of law. On May 8, 2018, the plaintiff filed a response in opposition, arguing that he stated a claim because the suspension of FOID cards and concealed carry licenses in all *ex parte* emergency order of protection cases, across the board, was unconstitutional. On October 9, 2018, the circuit court denied the defendant's 2-615 motion to dismiss. In addition, the court directed the defendant to answer the complaint and the parties to file summary judgment motions in accordance with the briefing schedule set forth in the order.

¶ 11    On December 10, 2018, the defendant filed an answer and affirmative defenses. In the answer, the defendant stated that the plaintiff had a valid FOID card and a valid concealed carry license currently, and his FOID card and the concealed carry license had been reissued on June 11, 2015. As for affirmative defenses, the defendant claimed, among other things, that because the plaintiff's firearm card and license had been reissued before the filing of the complaint, the plaintiff lacked standing to pursue his action[2] and the plaintiff's cause of action was non-justiciable and moot. The plaintiff did not file a response to the answer and affirmative defenses.

¶ 12    On August 10, 2021, the plaintiff filed a motion for summary judgment. Therein, the plaintiff posited that in Illinois, orders of protection are generally granted, "almost no matter the facts." He argued that suspending a person's firearms right, "either *ex parte*, or even with minimal technical notice, *as a matter of routine*, when an order of protection, *any order of protection is entered*, is illegal and unconstitutional." (Emphases in original.) He concluded that the second amendment right to keep and bear arms could not be suspended or revoked without proper notice and an opportunity to be heard, and therefore, "430 ILCS 65/2 and 430 ILCS 66/70 should be held unconstitutional and enjoined."

¶ 13    In a supplemental pleading filed June 30, 2022, the plaintiff claimed there was no historical precedent for disarming a law-abiding citizen, absent a trial with notice and substantial evidence presented. He argued that "100% of the time, whether warranted or not, whether some sort of minimal notice is given, or not, all orders of protection in Illinois erase *all* Second Amendment rights" (emphasis in original), and therefore, it was unconstitutional for the defendant to suspend FOID cards and concealed carry licenses upon entry of a non-final order of protection.

---

[2]The purpose of standing is to ensure that courts are deciding actual controversies. Standing is determined from the allegations in the complaint as of the date the lawsuit is filed. See *Davis v. Yenchko*, 2024 IL 129751, ¶ 13. Although standing was pleaded as an affirmative defense, it was not raised in this appeal.

¶ 14    On September 26, 2022, the defendant filed a combined response to the plaintiff's summary judgment motion and a cross-motion for summary judgment. The defendant asserted that the plaintiff could not succeed on his facial challenge because he failed to demonstrate that a temporary suspension of firearms licenses in response to an *ex parte* emergency order of protection offended the constitution in every application. The defendant also asserted that the plaintiff failed to show that he had suffered or would suffer irreparable harm if the circuit court did not issue a permanent injunction. In addition, the defendant claimed that the statutory provisions at issue were consistent with the historical tradition of firearms regulation in this country. The defendant concluded that section 8.2 of the FOID Card Act and section 70(b) of the Concealed Carry Act were constitutional under the second amendment because the right to bear arms is subject to reasonable, well-defined restrictions, the terms of the revocation or suspension for an *ex parte* order of protection is temporary, and respondents are afforded opportunities to contest the order of protection and the revocation or suspension.

¶ 15    On September 27, 2022—more than five years after the mandate issued in *Koshinski I*, the circuit court held a hearing on the parties' cross-motions for summary judgment. On December 9, 2022, the circuit court denied the plaintiff's motion for summary judgment and granted the defendant's motion for summary judgment. This appeal followed.

¶ 16                                II. ANALYSIS

¶ 17    On appeal, the plaintiff claims that the circuit court erred in denying his motion for summary judgment. In his brief, the plaintiff expressly states that he is raising only an as-applied challenge to the constitutionality of section 8.2 of the FOID Card Act and section 70(b) of the Concealed Carry Act. Thus, the plaintiff has intentionally abandoned the facial challenge which formed the foundation for his summary judgment motion in the trial court.

7

¶ 18    At the outset, it is important to point out that facial challenges and as-applied challenges to the constitutionality of a statute are distinct and not interchangeable. *People v. Thompson*, 2015 IL 118151, ¶¶ 36-37. A party raising a facial challenge must establish that the statute is unconstitutional under any set of facts; thus, the specific facts related to the challenging party are irrelevant. *Thompson*, 2015 IL 118151, ¶ 36. In contrast, an as-applied challenge requires the challenging party to show that the statute violates the constitution as it applies to him. *Thompson*, 2015 IL 118151, ¶ 36. An as-applied constitutional challenge, by definition, is dependent on the particular facts and circumstances of the individual plaintiff. *Thompson*, 2015 IL 118151, ¶ 37. If a plaintiff prevails on an as-applied challenge to a statute, he may enjoin the enforcement of the statute only against himself, while a successful facial challenge voids the statute in its entirety and in all applications. *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 306 (2008). Statutes are presumed constitutional and the burden of rebutting that presumption is on the party challenging the validity of a statute to clearly demonstrate a constitutional violation. *Napleton*, 229 Ill. 2d at 306.

¶ 19    In this appeal, the plaintiff has abandoned his facial challenge and claims only that section 8.2 of the FOID Card Act and section 70(b) of the Concealed Carry Act are unconstitutional as applied to him. This presents a procedural barrier for the plaintiff. In *Koshinski I*, we found that the plaintiff's constitutional challenges, both facial and as applied, to the constitutionality of the aforementioned firearm licensing statutes were moot. We reasoned that because the plaintiff's firearm licenses had been reinstated, the plaintiff was no longer subject to the licensing statutes which he sought to have declared unconstitutional and the temporary revocation provisions in those statutes no longer applied to him. *Koshinski I*, 2017 IL App (5th) 150398, ¶ 19. In addition, as to the as-applied challenge, the plaintiff sought only prospective injunctive relief, and he did

not seek damages to redress the past temporary deprivation of his firearms license. Upon reinstatement of his firearms licenses, the plaintiff no longer had a personal claim, status, or right that would be affected by the requested declaratory and injunctive relief. As a result, we determined that we could grant no meaningful relief to him by ruling on the constitutionality of the statutes, declaring them unconstitutional, or enjoining their enforcement. *Koshinski I*, 2017 IL App (5th) 150398, ¶ 19. Nevertheless, we concluded that the plaintiff's facial challenge, which he now abandons, met the requirements of the public interest exception. *Koshinski I*, 2017 IL App (5th) 150398, ¶¶ 24, 27-28. Notably, we did not find that the plaintiff's as-applied challenge met the requirements of the public interest exception and for good reason.

¶ 20 Generally, reviewing courts in Illinois do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided. *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10. The public interest exception to the mootness doctrine permits review of an otherwise moot question "when the magnitude or immediacy of the interests involved warrants action by the court." *Commonwealth Edison Co.*, 2016 IL 118129, ¶ 12. The public interest exception applies only if "(1) the question presented is of a public nature; (2) an authoritative determination of the question is desirable for the future guidance of public officers; and (3) the question is likely to recur." *In re Shelby R.*, 2013 IL 114994, ¶ 16. The exception is narrowly construed and requires a clear showing of each of its criteria. *Commonwealth Edison Co.*, 2016 IL 118129, ¶ 13. "If any one of the criteria is not established, the exception may not be invoked." *Commonwealth Edison Co.*, 2016 IL 118129, ¶ 13.

¶ 21 In this case, the plaintiff's as-applied challenge is case-specific and dependent on the particular facts and circumstances for which the *ex parte* emergency order of protection was

9

issued. Should the plaintiff succeed on his challenge, the injunctive relief requested would apply only to the plaintiff and would restrain the enforcement of the statutory provisions at issue only as to the plaintiff himself. There is no clear showing that a resolution of the question would have a significant effect on the public. Thus, the first criterion of the public interest exception was not met. In addition, the plaintiff sought only prospective injunctive relief based upon the possibility that he could be subject to a subsequent order of protection by his father-in-law. Initially, we note that this claim is speculative. Further, more than a decade has passed since the *ex parte* emergency order of protection was entered and subsequently vacated, and there is no evidence that the plaintiff has been subjected to a subsequent *ex parte* emergency order of protection or that his firearms licenses have been suspended as a result. Additionally, given that this case was not expeditiously pursued, but rather allowed to languish in the trial court for more than five years after the mandate issued in *Koshinski I*, the plaintiff has not shown that the immediacy of the interests involved warrant any further action by this court. Finally, given the passage of time and the absence of disarray in the law, the plaintiff has not shown that an authoritative determination of his as-applied challenge is desirable to provide future guidance to public officers. To invoke the public interest exception, there must be a clear showing of all three criteria, and the plaintiff has not done so. Therefore, the appeal is dismissed as moot.

¶ 22                                    III. CONCLUSION

¶ 23    After a thorough review of the record, we conclude, as we did in *Koshinski I*, that the plaintiff's as-applied challenge to the constitutionality of section 8.2 of the FOID Card Act and section 70(b) of the Concealed Carry Act is moot and does not fall under the public interest exception to the mootness doctrine. For the reasons stated, the appeal is dismissed as moot.

¶ 24    Appeal dismissed.