2026 IL App (1st) 250170-U

No. 1-25-0170

Order filed March 31, 2026

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| CHRISTINE BUCHEIT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 OP 79403 |
| | ) | |
| TERRY HINES, | ) | Honorable |
| | ) | Marina E. Ammendola, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Affirmed. Appellant has failed to provide a sufficient record such that error can be determined.

¶ 2    Respondent Terry Hines appeals *pro se* from the trial court's entry of a plenary order of protection against him and in favor of petitioner Christine Bucheit. On appeal, Hines claims that the trial court failed to acknowledge his evidence and his objections to petitioner's evidence and

declined to address that petitioner served him with a summons at his place of employment in order to embarrass him. We affirm.

¶ 3    The record on appeal does not contain a report of proceedings. The following facts are gleaned from the common law record that includes, relevant here, the petitions for an emergency order of protection and a plenary order of protection, Hines's motion to dismiss, and the trial court's orders. We relate only those facts relevant to the issues on appeal.

¶ 4    On September 27, 2024, petitioner filed a *pro se* petition seeking an emergency order of protection and a plenary order of protection against Hines, with whom she previously had a dating relationship. Petitioner filed a second *pro se* petition on September 28, 2024, alleging, in pertinent part, that on September 27, 2024, Hines "threat[ed] to sue" her for the value of certain gifts and sent her at least 12 "intimidating and aggressive" text messages.

¶ 5    On September 28, 2024, the trial court issued an emergency order of protection against Hines.

¶ 6    Hines subsequently filed a *pro se* motion to dismiss alleging, relevant here, that petitioner had him served with a summons at his business address to "hurt" his employment. Hines acknowledged that he "lashed out" but asserted that he apologized "more than once."

¶ 7    On November 13, 2024, the trial court denied Hines's motion to dismiss. The court's order reflects that (1) petitioner and Hines appeared *pro se*, (2) Hines tendered 20 pages of exhibits to petitioner, and (3) the parties were to exchange exhibits by December 30, 2024.

¶ 8    On January 30, 2025, petitioner and Hines appeared *pro se* before the trial court. Following a hearing, the trial court entered an eight-month plenary order of protection against Hines and in favor of petitioner.

¶ 9 On January 31, 2025, Hines filed a *pro se* notice of appeal.

¶ 10 On appeal, Hines claims the trial court disregarded his evidence and his objections to petitioner's "questionable" evidence. He argues that, though the trial court reviewed his evidence, it did not enter the evidence into the record or include the evidence in the record on appeal. Hines further argues that petitioner had him served with a summons at work to embarrass him and that the trial court stated that it lacked "jurisdictional reach" to address "malicious" service.

¶ 11 As a preliminary matter, our review of Hines's appeal is hindered by his failure to fully comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the form and content of appellate briefs. While Hines used preprinted forms, his briefs narrate the case from his point of view and lack citations to the record on appeal, cohesive legal arguments, and reasoned bases for those arguments in violation of Rule 341(h). See Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43.

¶ 12 Hines did attach documents to his opening brief, but they are not included in the record on appeal and thus cannot be considered. See *Koshinski v. Trame*, 2017 IL App (5th) 150398, ¶ 9 (attachments to briefs that are not included in record are not properly before reviewing court and cannot be used to supplement record); *People v. Mehlberg*, 249 Ill. App. 3d 499, 532 (1993) ("A reviewing court must determine the issues before it on appeal solely on the basis of the record made in the trial court.").

¶ 13 To the extent that Hines's briefs fail to comply with Rule 341(h)(7), it would be within our discretion to dismiss this appeal on that basis. *Zale v. Moraine Valley Community College*, 2019

IL App (1st) 190197, ¶ 32. We decline to do so, however, as it is clear that Hines wishes to challenge the trial court's entry of the plenary order of protection. That said, we are unable to reach the merits of this appeal due to deficiencies in the record.

¶ 14    On appeal, the appellant, in this case Hines, has the burden to provide a complete record for review to support his claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). If no such record is provided, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id*. at 392. This is because, in order to determine whether an error occurred, a reviewing court must have a record before it to review. *Id*.; see also *Walsh v. Sklar*, 2025 IL App (1st) 231830, ¶ 104 ("Where the issue on appeal relates to the conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of proceedings." (internal quotation marks omitted)).

¶ 15    Here, Hines challenges the trial court's entry of a plenary order of protection. But the record on appeal does not contain any reports of proceedings, including from the January 30, 2025 hearing at which the trial court entered judgment in favor of petitioner. Nor does the record contain an acceptable substitute such as a bystander's report or agreed statement of facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without a transcript or an acceptable substitute, we are unable to determine what evidence, exhibits, and testimony were admitted or excluded at the January 30, 2025, hearing, and have no knowledge of what arguments were presented to the trial court or the court's reasoning in ruling as it did. The record is thus insufficient for our review of Hines's claims of error.

¶ 16    When the record is insufficient for our review of an appellant's contentions, we must presume that the trial court acted in conformity with the law and ruled properly after considering

the evidence before it. *Corral v. Mervis Industries, Inc*., 217 Ill. 2d 144, 156-57 (2005). In the absence of a report of proceedings or other record of the hearing, we have no basis for disturbing the trial court's judgment. *Foutch*, 99 Ill. 2d at 391-92.

¶ 17    The judgment of the circuit court of Cook County is affirmed.

¶ 18    Affirmed.