2026 IL App (1st) 250427-U

No. 1-25-0427

Order filed April 27, 2026

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Respondent-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 08 CR 7692 |
| | ) | |
| ERIC CORDER, | ) | Honorable |
| | ) | Thomas J. Hennelly, |
| Petitioner-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court's judgment granting the State's motion for summary judgment and denying petitioner's petition for a certificate of innocence is affirmed where petitioner cannot establish an element of his claim, namely, that he is innocent of all the charges in the indictment.

¶ 2    Petitioner Eric Corder appeals *pro se* from an order of the circuit court granting the State's motion for summary judgment and denying his *pro se* petition for a certificate of innocence (COI) pursuant to section 2-702 of the Code of Civil Procedure (Code) (735 ILCS 5/2-702 (West 2024)).

On appeal, Corder contends that his guilty plea does not categorically bar him from seeking a COI, that he is entitled to a COI, and that the record does not support summary judgment in favor of the State but, rather, supports summary judgment in his favor. For the reasons that follow, we affirm.

¶ 3    Although the record contains minimal information about Corder's underlying criminal case, the following background—derived from the impounded common law record from Corder's appeal of the dismissal of his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)), the common law record of the instant appeal, and the transcript of the hearing on Corder's petition for a COI—is largely uncontested.

¶ 4    In 2008, Corder was charged by indictment with three crimes. Count I, as amended, alleged that he committed aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6(a)(2) (West 2008)) on March 29, 2008, in that he knowingly possessed a firearm that was unloaded, uncased, and immediately accessible. Counts II and III alleged that he committed unlawful use of a weapon by a felon (UUWF) (720 ILCS 5/24-1.1(a) (West 2008)) on March 29, 2008, in that he knowingly possessed firearm ammunition in his own abode after having been previously convicted of robbery in case No. 86 CR 681.

¶ 5    On October 5, 2009, Corder pled guilty to count I. In exchange, he received a sentence of four years in prison and the State nol-prossed counts II and III. The record does not include a transcript of the plea hearing or otherwise show the factual basis for the plea.

¶ 6    On July 16, 2010, Corder filed a *pro se* postconviction petition challenging his conviction. The circuit court dismissed the petition because, as Corder had been released from prison and had completed mandatory supervised release, he was not "imprisoned in the penitentiary" for purposes

of the Act. We dismissed Corder's appeal from that judgment for want of prosecution. *People v. Corder*, No. 1-10-3233 (Apr. 18, 2011) (unpublished disposition order).

¶ 7    On July 24, 2023, Corder filed a petition for relief from judgment under section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2022)), contending that his conviction for AUUW must be vacated because the statute under which he was convicted was facially unconstitutional and void *ab initio* under *People v. Aguilar*, 2013 IL 112116. On September 22, 2023, the circuit court vacated Corder's conviction. The half sheet from that date includes a handwritten notation stating "MS Nolle Prosse" and a citation to *People v. Shinaul*, 2017 IL 120162. (We note that *Shinaul* held that, following a successful collateral attack on a conviction, the State is not entitled to reinstate charges that were nol-prossed as part of a plea agreement if the criminal statute of limitations has expired on those charges. *Id.* ¶¶ 13, 15, 18.)[1]

¶ 8    On July 9, 2024, Corder filed the petition for a COI at issue in this appeal. In the petition, he set forth the factual background of his case. He alleged that, in 2008, he was one of "five individuals" who lived in his mother's single-family home. The house had three bedrooms on the main level and one in the basement. According to Corder, the basement bedroom contained women's and men's clothing. The men's clothing belonged to "one of the other male residents" and was not consistent with Corder's size and build.

¶ 9    Corder alleged that, to obtain a search warrant of the house, the police coerced Marcie Nichols to fabricate testimony that she lived in the house and that she saw a "revolver" on Corder's bedroom dresser every day for the preceding 60 days. When the police executed the warrant and

---

[1]According to the State's brief on appeal, based on *Shinaul*, "the People did not seek to reinstate the previously nol-prossed charges and dismissed the indictment."

entered the house, "Corder was found ascendin[g] the stairs from the basement to the backdoor." The police did not find a revolver in the house but recovered a semi-automatic firearm that was on a heating duct in the basement utility room. Corder was arrested and indicted. Eventually, he agreed to plead guilty to one count of AUUW in exchange for a term of four years in prison. Corder maintained in the petition that he "did not possess a firearm or have any knowledge of any firearm" and only pled guilty so that he could "go home in two weeks."

¶ 10    Corder asserted in the petition that, after the circuit court vacated his AUUW conviction on September 22, 2023, the State "[d]ismissed the information/indictment." He further argued that he was "actually (factually) and legally innocent" of possessing any firearm in his home or anywhere else. He stated that he spent approximately 836 days in continuous custody, completed his sentence, and was discharged on July 16, 2010.

¶ 11    Corder maintained that he was entitled to a COI because he had proved, by a preponderance of the evidence, that (1) he had been convicted of felony AUUW, was sentenced to a term of imprisonment, and completed his four-year sentence; (2) the judgment of conviction was vacated, the indictment was dismissed, and the statute on which the indictment was based was unconstitutional; (3) he was "actually innocent of possessing a firearm as a convicted felon or on the public way"; and (4) he did not by his own conduct voluntarily cause or bring about his conviction where "there was no factual basis to support the charge," his plea was involuntary "because he did not have adequate legal representation," and he pled guilty "to an unconstitutional statute."

¶ 12    Corder attached two documents to his petition. The first was a "Motion to Proceed in Forma Pauperis, for Case Record (Transcripts) and to Supplement Petition with Affidavit and Transcripts

Contained in the Record." In the motion, Corder requested a copy of his motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), his "family members['] sworn affidavits in support of the *Franks* Motion," a copy of the court's "ruling" on the *Franks* motion and his motion to reconsider, and a copy of a "Certified statement of conviction." He also asked to supplement his petition with the "requested items."

¶ 13 The second document attached to the petition was titled "Certification/Affidavit." The complete text of that document, which was not notarized, stated: "I Eric Corder, the Petitioner-Defendant in the attached Petition for Certificate Of Innocence, pur[s]uant to 735 ILCS 5/1-109 do hereby Certify that the Procedural History And Pertinent Facts asserted in the Petition, is true and accurate. [C]ase No. 08 Cr 0769201[.]"

¶ 14 On January 2, 2025, the State filed a motion for summary judgment on Corder's petition for a COI. The State agreed that Corder had pled guilty to count I and that the conviction had been vacated pursuant to *Aguilar*. The State noted that, to be entitled to a COI, a petitioner must prove his innocence of all the charges in the charging instrument by a preponderance of the evidence, including counts that were nol-prossed. The State argued that, where Corder had not pled innocent to counts II and III for UUWF in his petition, had pled no facts to establish his innocence of UUWF, and would be unable to prove his innocence of those charges due to the documentary evidence of his prior felony robbery conviction, no genuine issues of material fact existed. As such, the State asserted it was entitled to judgment as a matter of law and that Corder's petition should be denied. The State attached certified statements of conviction reflecting that Corder was found guilty in case No. 86 CR 681 (the felony robbery identified in the indictment) and in case No. 86 CR 9436 (on a felony charge of "REC/POS/SELL STL VEH").

¶ 15    Corder filed a response on January 23, 2025, contending that the State's motion for summary judgment should be denied because he had pled facts establishing his "factual and legal innocence" of all the charged crimes. He admitted that, on March 28, 2008, he was a convicted felon, and that, on March 29, 2008, he resided in the house in question. He reiterated his allegations that the police executed a search warrant based on Nichols' coerced and false allegation that he possessed a revolver in his bedroom, that Nichols had never resided at the house, and that the police found no revolver. He further alleged that the police recovered a "semi-automatic handgun and ammunition *** in a common area of the home specifically the utility/storage room, on top of the heating duct."

¶ 16    According to Corder, he, his mother, and his sister were in the home when the warrant was executed, but were not "present in the utility/storage room where the firearm and ammunition were discovered." The police did not ask to whom the firearm and ammunition belonged. Also, Corder never claimed ownership of the firearm and ammunition and "had no knowledge of these items [and] had never seen or touched them." Corder concluded that, where the recovered firearm was not on his person or "immediately accessible," and where he "was discovered in a completely different room than the firearm," he was "factually and legally innocent" of all the charges in the indictment. He also asserted that, although he pled guilty, he was not guilty of AUUW or UUWF and "there was no factual basis for the plea." Corder did not attach any documents to the response.

¶ 17    The court held a hearing on the State's motion on January 31, 2025. At the hearing, the State argued that Corder was required to prove his innocence of all charges in the indictment by a preponderance of the evidence and that he could not meet this burden where he had pled no facts to establish his innocence of UUWF. Corder argued that, in his response to the State's motion, he

had asserted facts which were to be construed liberally in his favor and which would defeat the motion. The State replied that Corder had "not proved by his statements with regards to what happened on the date of his arrest." The court granted the State's motion for summary judgment, stating that it had carefully considered the pleadings and arguments for both sides.

¶ 18     On appeal, Corder contends that the trial court erred in granting the State's motion for summary judgment and denying him a COI. He argues that he is entitled to a COI where his guilty plea does not categorically bar him from seeking one, he pled guilty "to an unconstitutional statute," there was no factual basis for the plea, and he did not voluntarily cause or bring about his conviction. He further asserts that the trial court should have *sua sponte* granted summary judgment in his favor.

¶ 19     Under section 2-702 of the Code (735 ILCS 5/2-702 (West 2024)), any person who has been convicted and imprisoned for a crime he did not commit can file a petition requesting a COI. *People v. Palmer*, 2021 IL 125621, ¶ 55. If the court grants the petition and issues the COI, the petitioner can then file an action in the state's court of claims to recover damages for wrongful incarceration. See *People v. Hood*, 2021 IL App (1st) 162964, ¶ 22.

¶ 20     To be entitled to a COI, a petitioner must prove four elements by a preponderance of the evidence. 735 ILCS 5/2-702(g) (West 2024); *People v. Reed*, 2025 IL 130595, ¶ 44. These elements are: (1) the petitioner was convicted of one or more felonies, sentenced to prison, and served all or part of the sentence; (2) the judgment of conviction was reversed or vacated and the indictment or information was dismissed, or the statute on which the charging instrument was based was unconstitutional; (3) the petitioner is innocent of the offenses charged in the indictment or information; and (4) the petitioner did not by his or her own conduct voluntarily cause or bring

about his conviction. 735 ILCS 5/2-702(g)(1)-(4) (West 2024). Our supreme court has held that the plain language of the COI statute requires petitioners to prove their innocence as to all the offenses in the charging instrument, including any that were nol-prossed as part of a negotiated plea agreement. *Reed*, 2025 IL 130595, ¶ 136.

¶ 21 Subsection (d) of the COI statute provides that the petition "shall state facts in sufficient detail to permit the court to find that the petitioner is likely to succeed at trial in proving that the petitioner is innocent of the offenses charged in the indictment." 735 ILCS 5/2-702(d) (West 2024). Subsection (f) allows the court to take judicial notice of prior sworn testimony or evidence admitted in the criminal proceedings which resulted in the alleged wrongful incarceration, if the petitioner was represented by counsel at the prior proceedings or the right to counsel was knowingly waived. *Id.* § 2-702(f). In determining whether a petitioner has shown by a preponderance of the evidence that he is innocent of the charged offenses, the circuit court is to consider the petition itself and any documentation demonstrating the petitioner's innocence that was submitted along with the petition. *People v. Terrell*, 2022 IL App (1st) 192184, ¶ 55; *People v. Hood*, 2021 IL App (1st) 162964, ¶ 23.

¶ 22 As noted, in this case, the State filed a motion for summary judgment on Corder's petition for a COI, maintaining that Corder did not prove by a preponderance of the evidence that he is innocent of all the offenses charged in the indictment. See 735 ILCS 5/2-702(g)(3) (West 2024). The State argued that Corder had pled no facts in his petition to establish his innocence of the nol-prossed charges of UUWF; that he would have been unable to prove his innocence of those charges due to documentary evidence of his prior felony robbery conviction, which the State attached to

the motion; and that, in these circumstances, no genuine issue of material fact existed and the State was entitled to judgment as a matter of law.

¶ 23    A respondent, such as the State in this case, "may, at any time, move with or without supporting affidavits for a summary judgment in [its] favor as to all or any part of the relief sought against [it]." 735 ILCS 5/2-1005(b) (West 2024). Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* § 1005(c); see also *People v. Hood*, 2021 IL App (1st) 162964, ¶ 30 (observing that summary judgment may be granted in COI proceedings).

¶ 24    Summary judgment should be denied if reasonable individuals could draw different inferences from the undisputed material facts or if there is a genuine dispute over a material fact. *Cole v. Chicago Transit Authority*, 2025 IL App (1st) 230797, ¶ 31 (citing *Jackson v. TLC Associates, Inc.*, 185 Ill. 2d 418, 424 (1998)). A respondent seeking summary judgment bears the initial burden of production, which the respondent can meet either by presenting evidence that disproves the petitioner's case or by showing that the petitioner lacks sufficient evidence to prove an essential element of the claim. *Id.* (citing *Purtill v. Hess*, 111 Ill. 2d 229, 240-41 (1986)).

¶ 25    If the respondent moves for summary judgment based on a lack of evidence, then the burden shifts to the petitioner to provide factual support for the elements of his or her claim. *O'Donnell v. Bailey & Associates Counseling, & Psychotherapy LLC*, 2023 IL App (1st) 221736, ¶ 54 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). A petitioner "cannot rely on general conclusions of law or allegations in their pleading to raise a genuine issue of material fact." *DiFranco v. Fallon*, 2023 IL App (1st) 220785, ¶ 66. Rather, once the burden shifts, the non-

moving party "must submit affidavits or refer to depositions or admissions on file that present a contrary version of the facts." *Parents United for Responsible Education v. Board of Education of the City of Chicago*, 2011 IL App (1st) 102901, ¶ 17.

¶ 26   Our review of a circuit court's decision on a motion for summary judgment is *de novo*. *Cole*, 2025 IL App (1st) 230797, ¶ 31. We may affirm a decision on a motion for summary judgment on any basis that appears in the record, whether the trial court relied on that basis or not, and even if the trial court's reasoning was incorrect. *Bank Financial, FSB v. Brandwein*, 2015 IL App (1st) 143956, ¶ 40.

¶ 27   Corder argues that he has shown, by a preponderance of the evidence, that he is entitled to a COI. He asserts he pled facts to establish his innocence, as, in his response to the State's motion for summary judgment, he asserted he had no knowledge of the firearm. He maintains that he was not guilty of AUUW, but acknowledges that, "It is undisputed the police found the .380 semiautomatic and ammunition at issue in this case, in a common area of Corder's residence on top of a heating duct, in the utility/laundry room." Regarding the UUWF charges, he argues, "Being a convicted felon living in a household of six residents in and of itself do[es] not make [him] guilty of possession of a firearm and ammunition found in the residence." He concludes that he could not have knowingly possessed a firearm or ammunition that he did not know existed.

¶ 28   After carefully reviewing the record, we find that summary judgment in favor of the State was proper. To start, the State carried its initial burden of production. As the State noted, although Corder's conviction for AUUW on count I of the indictment was vacated, he pled no facts in his petition for a COI to establish his innocence of counts II and III, which charged UUWF based on

his possession of ammunition and his status as a felon. Indeed, his petition did not include any reference to ammunition or the charges of UUWF.

¶ 29     Moreover, the State demonstrated that Corder would have been unable to prove his innocence of UUWF. The elements of UUWF are (1) the knowing possession or use of a firearm or firearm ammunition and (2) a prior felony conviction. 720 ILCS 5/24-1.1(a) (West 2008). The State attached to its motion certified statements of conviction showing Corder had prior felony convictions in his criminal history, and Corder does not contest his status as a felon.

¶ 30     As for the element of possession of ammunition, based on the amended indictment, the mittimus, and the half-sheet entry from the day of Corder's plea, we take judicial notice that Corder pled guilty to a count of AUUW charging him with knowingly possessing a firearm that was unloaded, uncased, and immediately accessible. Ill. R. Evid. 201 (eff. Jan. 1, 2011) (whether requested or not, a court may take judicial notice, at any stage of the proceeding, of a fact capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Koshinski v. Trame*, 2017 IL App (5th) 150398, ¶ 10 ("A reviewing court may take judicial notice of readily verifiable facts if doing so will aid in efficiently disposing of the case, even if the parties did not seek judicial notice in the trial court."). Court records are subject to judicial notice by subsequent courts. *In re N.G.*, 2018 IL 121939, ¶ 58.

¶ 31     The record on appeal does not reveal the factual basis for the plea presented to the trial court. However, the amended indictment, mittimus, and half-sheet entry from the day of Corder's plea establish that the count of AUUW to which Corder pled guilty alleged he possessed an unloaded firearm. The subsection of the AUUW statute pertaining to unloaded firearms specifies that a person is guilty of AUUW if he possesses an unloaded firearm "and the ammunition for the

weapon was immediately accessible at the time of the offense." 720 ILCS 5/24-1.6(a)(2), (3)(B) (West 2008). As such, by pleading guilty to count I, Corder admitted that he possessed both an unloaded firearm and immediately accessible ammunition. See *People v. Gonzalez*, 2025 IL App (4th) 240384, ¶ 20 (a guilty plea constitutes a judicial admission of guilt concerning the charged offense); see also *People v. Warner*, 2022 IL App (1st) 210260, ¶ 52 (Martin, J., specially concurring) (opining that the petitioner failed to establish his innocence within the meaning of the COI statute where the facts he stipulated to when he pled guilty to the subsequently-vacated charge of AUUW established unequivocally that he committed the other valid offenses that were nol-prossed).

¶ 32 Corder is correct that, in *People v. Washington*, 2023 IL 127952, ¶¶ 36, 62, our supreme court held that a guilty plea does not categorically preclude a COI. However, *Washington* addressed whether a petitioner who pled guilty would *ipso facto* be disqualified from obtaining a COI because he caused or brought about his own conviction. *Id.* ¶¶ 1, 25, 30. Whether Corder caused or brought about his own conviction is not the issue in the instant case; the question presented here is whether Corder is innocent of all the offenses charged in the indictment. In addition, *Washington* involved a petitioner whose conviction was vacated because his guilty plea was based on a coerced false confession. *Id.* ¶¶ 1, 3, 5, 59, 60. Here, Corder's conviction was vacated because the statute under which he was convicted was unconstitutional. Unlike in *Washington*, Corder's plea was never discredited. Thus, while the fact Corder pled guilty does not automatically bar him from eligibility for a COI, we are not required to ignore his plea when considering whether he proved by a preponderance of the evidence that he is innocent of all the offenses charged in the indictment.

¶ 33    Having found that the State met its initial burden for summary judgment, the burden shifts to Corder to provide factual support for the elements of his claim. *O'Donnell*, 2023 IL App (1st) 221736, ¶ 54. As noted above, once this burden shifts, the non-moving party cannot rely on allegations in his pleadings to raise a genuine issue of material fact (*DiFranco*, 2023 IL App (1st) 220785, ¶ 66), but, rather, "must submit affidavits or refer to depositions or admissions on file that present a contrary version of the facts" (*Parents United for Responsible Education*, 2011 IL App (1st) 102901, ¶ 17).

¶ 34    Corder did not submit affidavits or refer to depositions or admissions on file in responding to the State's motion for summary judgment. Instead, in his response, he admitted that he was a felon and that a semiautomatic handgun and ammunition were recovered in a "common area" of his home. He also asserted that prior to the police discovery of the firearm and ammunition, he "had no knowledge of these items, had never seen or touched them," and that the recovered firearm was not on his person or immediately accessible where he "was discovered in a completely different room than the firearm." Similarly, in his briefs in this court, Corder admits his felon status and that the police recovered a firearm and ammunition "in a common area" of his residence but maintains he had not known either existed. Although he mentions an affidavit several times (*e.g.*, he argues that "Corder's affidavit stands unrebutted" and "Corder's affidavit is the only evidence that was before the trial court") he provided no affidavit in the COI proceedings aside from the one-sentence "Certification/Affidavit" attached to the petition.

¶ 35    As noted, a party may not rely on allegations in his pleadings to raise a genuine issue of material fact and defeat a motion for summary judgment. See, *e.g.*, *DiFranco*, 2023 IL App (1st)

220785, ¶ 66; *Parents United for Responsible Education*, 2011 IL App (1st) 102901, ¶ 17. We cannot find that Corder has met his burden to provide factual support for the elements of his claim.

¶ 36     Where it is uncontested that Corder was a felon at the time of the offense, and where his guilty plea constitutes a judicial admission that he possessed both an unloaded firearm and immediately accessible ammunition, he cannot establish that he is innocent of all the charges in the indictment. As such, the State's motion for summary judgment was properly granted. See *Bank Financial, FSB*, 2015 IL App (1st) 143956, ¶ 40 ("Summary judgment is appropriate if the nonmoving party cannot establish an element of [his] claim.").

¶ 37     For the reasons explained above, we affirm the judgment of the circuit court.

¶ 38     Affirmed.